## Commonwealth *v.* Greason, Appellant.

*Criminal law—Murder—Evidence—Cross-examination.*

On an appeal in a murder case an assignment of error to an alleged rejection of letters will not be considered where the record shows that no letters were offered in evidence, but that the ruling related to the refusal of the court to permit a witness to be cross-examined on the subject of certain letters to which she had not referred in her examination in chief.

*Criminal law—Murder—Trial—Conduct of district attorney.*

A verdict of guilty of murder of the first degree will not be set aside because of statements made by the district attorney in his address, not supported by the testimony, where it appears that the statements complained of were subsequently withdrawn and corrected in the presence of. the jury, and that the prisoner's cause was fully protected by the court from any injury it might have received from the remarks of the district attorney.

*Criminal law—Murder—Witness testifying in foreign language.*

A verdict of murder in the first degree will not be set aside because a witness was permitted· to testify in a foreign language where there is no allegation that his testimony was not correctly interpreted.

*Criminal law—Accomplice—Instructions.*

On the trial of an indictment for murder the court commits no error in refusing to affirm a point offered by the prisoner, as follows : " A witness for the commonwealth, having admitted that on the trial of the case in which she was defendant and was convicted of having murdered her husband, she committed perjury in testifying in her own behalf, her testimony standing alone is not worthy of belief by the jury ; the jury should consider only such parts of her testimony as are corroborated by circumstances or by credible witnesses, and whether that shall be believed or not is a question entirely for the jury."

Argued Oct. 13, 1902.    Appeal, No. 167, Jan. T., 1902, by plaintiff, from judgment of O. & T. Berks Co., Dec. T., 1901, No. 112, on verdict of guilty of murder in the first degree in case of Commonwealth v. Samuel Greason.    Before McCOL-LUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREAZAT and POTTER, JJ.    Affirmed.

Indictment for murder.    Before ERMENTROUT, P. J.

At the trial it appeared that the defendant was indicted for the killing of John Edwards, a white man.    Defendant was a colored man.    Kate Edwards, the wife of John Edwards, was

indicted and convicted of the murder.   The evidence for the commonwealth tended to show that the prisoner and Mrs. Edwards were accomplices.   When a Mrs. Rollins, the wife of Charles Rollins, was on the stand under cross-examination, counsel for the prisoner undertook to cross-examine her as to certain letters written by Mrs. Edwards to Charles Rollins, to which the witness had not referred in her examination in chief.   The court refused to permit the cross-examination.

The following offer was then made:

Mr. Sadler: The purpose of this offer of these letters is to show that she was writing to Charles Rollins asking him to come and take her away, to show that she was writing to Charles Rollins more than once or twice a week asking him to come and take her away, because her husband was so disagreeable she could not live with him any longer; that she wrote ten or twelve letters at least to Charles Rollins to that effect.

Mr. Rothermel: Objected to as incompetent, irrelevant, and immaterial, the time being remote and within four or five months of the birth of this child and after the time when the motive for the murder was created.

The Court: I nowhere find upon this record the purpose for which this offer is made.   Therefore it is impossible to rule upon it properly.

Mr. Sadler: The purpose is to show that she could not have been relying upon Greason at that time to come and take her away, when at the very same time she was writing to another man to come and take her away; and for the further purpose of showing that by these letters all relations between herself and Greason had ceased, and that her relations at that time were entirely with this man Charles Rollins.

The Court: Objection sustained.   Exception for the defendant.  [1]

Mr. Sadler: We offer to show that he (district attorney) told the witness to pretend that he had committed murder in Wilmington for the purpose of drawing out Greason.

Mr. Rothermel: Objected to, first, because the testimony proposed would tend to show nothing but efforts on the part of the commonwealth to obtain the truth from the defendant; second, because it is irrelevant and immaterial.

VOL. CCIV—5

The Court: Objection sustained.    Exception for the defendant. [2]

Mr. Sadler: The counsel for the .defendant requests the court to withdraw a juror and continue the case because of certain statements made by the district attorney in his remarks to the jury that were not founded upon the evidence.    The statements complained of were as follows :

1. That Greason knew that there was to be beer at Edwards's that night.

2. That the defendant had run away from his own family and was laying up at Edwards's.    Motion overruled.    [3]

The prisoner presented this point :

Kate Edwards, a witness for the commonwealth, having admitted that on the trial of the case in which she was defendant and was convicted of having murdered her husband, she committed perjury in testifying in her own .behalf, her testimony standing alone is not worthy of belief by the jury ; the jury should consider only such parts of her testimony as are corroborated by circumstances or by credible witnesses, and whether that shall be believed or not is a question entirely for the jury. *Answer :* Declined and not read to jury. [4]

Verdict of guilty of murder in the first degree.

*Errors assigned* were (1–3) above rulings (4) above instruction ; (5) in permitting a witness to testify in German ; (6–25) various matters relating to the charge.

*William H. Sadler,* for appellant.

*George W. Wagner,* district attorney, with him *Abraham H. Rothermel,* ex-district attorney, for appellee.

PER CURIAM, November 3, 1902:

The ruling of the trial judge did not, as argued by appellant's counsel in support of the first assignment, exclude the admission in evidence of the letters written by Mrs. Edwards to Charles Rollins.    The counsel's argument is based on a misconception of his offer, which was not to put the letters in evidence but to show by the cross-examination of Mrs. Edwards, the wife of John Edwards and a witness for the commonwealth,

that she had written Rollins to come and take her away, and also to show that she was writing him frequently for that purpose and consequently, could not have been relying on Greason to take her from her home. There is nothing contained in the argument of the appellant's counsel in support of the offer as made ; it is confined solely to an alleged error in rejecting the letters. The offer as shown by the record was properly refused.

We are not convinced that the district attorney went beyond his duty in his attempt to procure certain testimony in support of the prisoner's guilt as complained of in the second assignment. His evident purpose was merely to ascertain what Rollins knew in regard to the killing prior to putting him on the stand as a witness for the commonwealth.

The request to withdraw a juror and not proceed with the case because the district attorney in his address to the jury had made statements not supported by the testimony was properly refused. The statements complained of were subsequently withdrawn and corrected in the presence of the jury. In addition to the prompt withdrawing of the objectionable remarks the charge of the court fully protected the prisoner's cause from any injury it might have received from the inadvertent remarks of the district attorney.

The effect of the testimony of an accomplice and the credence to be given it by the jury were correctly explained in the charge. The court committed no error in refusing the prisoner's second point on this subject. Nor was it error to permit the witness Bennetsch, who spoke English with difficulty, to speak in German while testifying. It is not alleged that his testimony was not correctly interpreted.

The remaining assignments relate to and are based upon the charge of the court and are clearly without merit. The charge was full, clear and entirely impartial. The law of the case was correctly given the jury and their attention was directed to the salient parts of the testimony for and against the prisoner. After a careful examination of the record brought to this court we fail to find that the learned judge committed any error in the trial of the cause. The assignments of error are therefore dismissed.

The judgment is affirmed, and it is ordered that the record be remitted to the court of oyer and terminer of Berks county that the judgment may be carried into execution according to law.