## Fahrer *v.* Blumenthal et al., Appellants.

Argued November 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel Finestone,* with him *W. Horace Hepburn, Jr.,* for appellants.

*Herman J. Tahl,* for appellee.

OPINION BY BALDRIGE, J., February 26, 1937:

This appeal is from a judgment obtained by a tenant in an action brought against J. Blumenthal, N. Simons (constables) and H. L. Randal, landlord, to recover damages for an alleged illegal eviction. The case has been on trial three times. At the first trial, a juror was withdrawn; the second trial resulted in a mistrial after the issues involved had been submitted to the jury, due to a charge that the jury had been tampered with. Randal died before the second trial, and his administratrix was substituted as a party defendant.

The evidence adduced at the third trial showed that Dr. Randal, one of the original defendants, leased to the plaintiff a part of the seventh floor of premises located at 914 Walnut Street, Philadelphia. On the 2d of May, 1932, a distraint was made for rent under a warrant signed by "Roland Randal Agt.," son of Dr. Randal. The plaintiff paid a portion of the amount due, and the levy was withdrawn under an agreement between Simons and the plaintiff's attorney. On September 14th, the leased premises were padlocked by Simons and Roland Randal, and the plaintiff's personal property was taken and retained in violation of the Act of March 21, 1772 (1 Sm. L. 379), in that no notice of any distraint was given or posted, appraisers were not sworn, nor was public notice given of any sale. The jury rendered a verdict of $1,500 against two of the defendants, a nonsuit having been granted to Blumenthal. Motions for judgment n.o.v. and a new trial were dismissed upon the plaintiff's filing a remittitur of all sums in excess of $500. The defendants appealed.

The first position taken by the appellants is that it was improper to enter a joint judgment against them as there was no proof that they were joint tortfeasors.

The plaintiff proved that both Roland Randal and Simons were upon the premises when they were padlocked and the plaintiff's property seized. They were acting in concert in connection with this proceeding. If the plaintiff is entitled to damages, he may recover against all who participate in the trespass: *Davis et al. v. Davis*, 128 Pa. 100, 103, 18 A. 514; *Reece v. Rodgers*, 40 Pa. Superior Ct. 171, 177.

The appellants next contend that there was no evidence to show that the alleged trespass was committed at the direction of Dr. Randal or by any one with his authority. The proof offered by both sides clearly established that Roland Randal was acting as agent for his father. He signed the warrants as agent in each of the two distraint proceedings, and on different occasions he received the rent. Simons testified, without objection, that Roland was the agent for his father, and Blumenthal admitted that Dr. Randal paid the constable for services rendered in the last distraint proceeding. Kaytes, Simons' office manager, also testified that the money collected as a result of that distraint was paid to Dr. Randal.

It further appears that very shortly after the plaintiff had been dispossessed, Roland Randal rented the premises and the machines which had been seized to Marguerite Stine, who, at the time of the trial, was in possession thereof. While the pleadings were not offered in evidence, we note that Dr. Randal, in his affidavit of defense, admitted, in effect, the agency. There can be no doubt that the father had knowledge of, and approved, his son's conduct. The appellants admit in their paper book that if the constable acted under orders given by Dr. Randal's agent (and this is unquestionably so), then the doctor would be responsible for what occurred.

There was ample evidence, also, to support the charge that the distraint proceedings were not conducted as

required by law. The right to distrain and sell the goods of a tenant did not exist at common law; it was given by statute, and, if exercised, the strict provisions imposed thereby cannot be dispensed with. A failure to comply with the legal formalities rendered both the landlord and the constable trespassers ab initio: *Davis et al. v. Davis*, supra. Simons, in distraining the goods under the landlord's warrant, was not acting as an officer of the law, but merely as an agent of the landlord, and no presumption arose as to the regularity of his acts until an appraisement was made: *Mortgage B. & L. Ass'n. v. Van Sciver et al.*, 304 Pa. 408, 155 A. 920. He admitted that the appraisers were not sworn prior to the appraisement, and that this statutory requirement was evidently overlooked. The trial judge, in his charge, gave correct instructions when the presumption of regularity arises, and fairly submitted to the jury the disputed issues relating to the alleged failure to give notice and to comply with the other legal requirements.

There is a further complaint that the trial judge was guilty of abuse of discretion in not withdrawing a juror for the following remark of plaintiff's counsel to the jury: "We are all familiar with the methods that are used by constables in proceedings against poor people." The appellee contends that this remark was provoked by the line of argument pursued by defendants' counsel. When an objection was made plaintiff's attorney immediately withdrew this remark and stated that he was perfectly willing that the jury should forget it. The court forthwith directed the jury to disregard it. In view of the prompt withdrawal by counsel of his remark, we are satisfied that the defendants were not prejudiced thereby. The remark was not of such a serious character to justify a reversal. The withdrawal of a juror because of an improper statement by counsel is largely a matter for the

trial judge's determination, and his action will not be reversed on appeal unless there is an abuse of this discretion: *Com. v. Greason,* 204 Pa. 64, 53 A. 539; *Carroll v. Hannan,* 289 Pa. 65, 137 A. 127; *Ruttenberg Exr. v. Fire Ins. Co.,* 122 Pa. Superior Ct. 363, 186 A. 194.

The appellants criticize the trial judge in submitting to the jury the question of punitive damages. They may be allowed only for torts that are committed wilfully, maliciously, and indicate a wanton disregard for the rights of the injured party: *Thompson et al. v. Swank,* 317 Pa. 158, 176 A. 211. The appellants failed, however, to except to that part of the court's charge relating to the damages. If this was error, no harm was done as there was evidence that the actual loss sustained by the plaintiff was approximately $500, the amount to which the judgment was eventually reduced. If any punitive damages were awarded by the jury, they were eliminated by the reduction of the judgment.

We find no reason to have this cause tried the fourth time.

Judgment of the learned court below is affirmed.