J. Allen HARRINGTON, Trustee in Bankruptcy,

v.

Louis YELLIN, Jules Yellin and William Lupowitz, ind. and as Trustees under Deed of Trust,

and

Martin L. Douglass

and

Eastern Battery & Tire Co.,

and

Morris Talansky and Barney Talansky.

Civ. A. 22992.

United States District Court
E. D. Pennsylvania.

Jan. 16, 1958.

Joseph Head, Jr., Swartz, Campbell & Henry, Philadelphia, Pa., for plaintiff.

Maurice J. Klein, Abrahams & Loewenstein, Philadelphia, Pa., for defendants, Louis Yellin, and others.

Edward B. Bergman, Lipschutz, Solo & Bergman, Philadelphia, Pa., for defendants, Martin L. Douglass and others.

EGAN, District Judge.

This is a much litigated matter. It was here before on a motion for a turnover order (Bankruptcy Cause No. 24380) which was refused on the ground that defendants had a substantial adverse interest that called for a plenary suit if relief were to be granted. This plenary action for conversion followed.

The facts are as follows: On March 16, 1955, an involuntary petition in bankruptcy was filed against an individual by the name of G. N. Childress, trading and doing business as Childress Transportation Co., in the United States District Court for the Middle District of North Carolina at Greensboro in that State. On March 24, 1955 an order was entered by that Court adjudicating Childress a bankrupt.[1]

Thereafter, the plaintiff here, J. Allen Harrington, a citizen of North Carolina, was duly elected and qualified as trustee in bankruptcy of the bankrupt's estate.

The record before us is barren of many facts but it seems evident that Childress, the bankrupt, was an interstate trucker, and that he leased a terminal at H and Jerome Streets, Philadelphia, from the defendants, Louis Yellin, Jules Yellin and William Lupowitz, who are sometimes herein referred to as "landlords."

The fact that the three last named were trustees of the premises, under a deed of

---

1. Bankrupt No. 1923, Middle District, North Carolina.

trust, at the time they entered into the written lease with the bankrupt is of no significance in deciding the motions now before the Court.

The defendant, Martin L. Douglass, a citizen of the Commonwealth of Pennsylvania, is a duly elected Constable through whom it is alleged the landlords illegally converted two motor trucks and five trailers, assets of the bankrupt's estate, by distraining upon and selling same on a claim for rent in arrears on March 22, 1955. For convenience, Douglass is sometimes herein referred to as "Constable." The sale took place at bankrupt's Philadelphia terminal.

The purchaser of the two trucks and five trailers at the Constable's sale was the defendant, Eastern Battery and Tire Co., a Pennsylvania corporation, for which it is alleged the remaining defendants, Morris Talansky and Barney Talansky, were acting as agents. The Talanskys are citizens of Pennsylvania. As to all three defendants in the purchasers' group, whom we may sometimes hereinafter refer to as "purchasers," it is alleged that they "did trespass upon and convert to their own use the said two motor trucks and five trailers," the fair and reasonable market value of which at the time of the conversion was $11,100.

The suit is here by reason of diversity.

It is a plenary action which was instituted on July 25, 1957, more than two years after the adjudication in bankruptcy.

The case is now before the Court on motions of the several defendants, all of which must be dismissed.

■ All defendants have moved to dismiss on the ground that the two year period of limitation fixed by Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, applies and that the action is now barred. Plaintiff contends that this is a common law action for conversion of property and that the six years period of limitation fixed by Pennsylvania law is applicable.

■ There can be no doubt that the statute of limitations may be raised by a motion to dismiss; Fed.R.Civ.P. 12(b), 28 U.S.C.A.; Wagner v. New York, Ontario and Western Ry., D.C.M.D.Pa.1956, 146 F.Supp. 926; 2 Moore Fed.Prac., pars. 8.28, 12.10 (2d ed. 1948), par. 12.10 (Supp.1956).

The section of the Bankruptcy Act on which defendants rely reads:

"A receiver or trustee may, *within two years subsequent to the date of adjudication* or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy * * *" 11 U.S.C. 29, sub. e, 11 U.S.C.A. § 29, sub. e. (Emphasis supplied.)

Defendants say the two year period is controlling and urge upon us Herget v. Central National Bank & Trust Co., 1945, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656. In our opinion, it is not. Herget merely holds that if an action is based on the Bankruptcy Act, the two year limitation is applicable regardless of a concurrent State law provision.

In the Court of Appeals determination of Herget v. Central National Bank & Trust Co., 7 Cir. 1944, 141 F.2d 150, 151, it was said:

" * * * the meaning of that section [sec. 11, sub. e] seems quite simple—that where a cause of action has not already expired at the time of the filing of the petition in bankruptcy, a receiver may sue on it within whichever is the longer of two periods, two years, or that provided by the statute permitting or creating the cause. Since it is the Bankruptcy Act which creates the cause of action here, it must provide the period for bringing it, and in the absence of other provision, the two-year one applies." (Reference in brackets supplied.)

We agree with plaintiff's contention that his case is based upon the Pennsyl-

vania tort law of conversion, a State created right, and as such is not confined within the narrow limits of the two year rule; rather, that the six year period permitted by Pennsylvania law applies.[2] Halpert v. Engine Air Service, D.C.E.D. N.Y.1953, 116 F.Supp. 13; MacLeod v. Kapp, D.C.S.D.N.Y.1948, 81 F.Supp. 512.

The mere fact that "bankrupt assets" are involved in the litigation does not mean that a cause of action which accrues is a federally created cause of action arising out of the Bankruptcy Act. In this connection, it must be remembered that this case is here by reason of diversity.

■ The Constable moves to dismiss on the ground that he is released from liability because no action was brought against him within six months as required by Pennsylvania law. It reads:

"No action shall be brought against any justice of the peace, for any thing done in the execution of his office, or against any constable or other officer, or person or persons acting as aforesaid, unless commenced within six months after the act committed." Pa.Stat.Anno., tit. 42, § 1017 (Purdon 1930).

Plaintiff contends that this statute is not applicable here because in order to be protected by its provisions, the Constable must be acting "in the execution of his office." He then cites authority to the effect that a Constable is not an officer of the law when making a distraint, but only an agent of the landlord. Mortgage Bldg. & Loan Ass'n v. Van Sciver, 1931, 304 Pa. 408, 155 A. 920; Fahrer v. Blumenthal, 1937, 125 Pa.Super. 568, 190 A. 206.

We have examined these cases and the later case of Smith v. Houghwot, 1938, 132 Pa.Super. 501, 1 A.2d 517, which gives a history of this legislation and traces the cases as far back as 1820. The latter indicates that the Constable is not protected by the Act *only* when he fails to act in good faith and that this is a ques-

tion for the jury. This, of itself, would require a denial of this motion.

■ The landlords move for a dismissal on the ground that this action is now res judicata by virtue of the findings of the Special Master in the summary proceeding which were approved by this Court (Welsh, J.). The only question before the Court in that proceeding was one of jurisdiction. The Court there found that it lacked jurisdiction of the matter in summary proceedings. There has never been any determination on the merits and the matter is not res judicata. See, Restatement, Judgments, § 49, (comments A and C) and § 71. The motion must be denied.

■ Defendants also move in the alternative that the plaintiff be required to file a more definite statement of claim under Rule 12(e) of the Federal Rules of Civil Procedure. This rule reads:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired * * *"

In their briefs, the defendants state that they want the complaint to show with particularity the basis of plaintiff's cause of action, i. e. whether the basis is a Constable's sale on a distraint for rent subsequent to a petition in bankruptcy because they want to follow it up with a further motion to dismiss, or with a motion for judgment on the pleadings.

This would be a misuse of the rule. Its function is to enable the movant to prepare a responsive pleading and not to serve as a forerunner for a motion to dismiss. Cather v. Ocean Accident & Guarantee Corp., D.C.Neb.1950, 10 F.R.D. 437; see also, Diesinger v. American & Foreign Ins. Co., D.C.E.D.Pa.1942, 2 F. R.D. 221; Smith v. Employers Fire Ins.

2.  Pa.Stat.Anno., tit. 12, § 31 (Purdon 1953).

Co., D.C.N.D.Ill.1940, **1** F.R.D. 251; Louisiana Farmers' Protective Union v. Great Atlantic & Pac. Tea Co., D.C.E.D. Ark.1940, 31 F.Supp. 483; Gumbart v. Waterbury Club Holding Corp., D.C. Conn.1938, 27 F.Supp. 228. This motion is denied.

We have examined the briefs submitted and have concluded that the other arguments presented therein are without merit. For this and the reasons above set forth, the defendants' motions are severally dismissed.

Defendants will file responsive answers to the complaint as required by law and the applicable rules of Court.