**In the Matter of Samuel SHAPIRO, Bankrupt.**

**No. 51899.**

United States District Court
E. D. New York.

Nov. 28, 1958.

Henry W. Parker, Port Washington, N. Y., trustee.

Leo H. Raines, New York City, for Philip Gruber Co., Inc., by Lawrence Gutman, New York City, of counsel.

Sherman D. Warner, Jamaica, referee in bankruptcy.

BYERS, Chief Judge.

This is a hearing on a petition to review an order of the Referee granting the petition of the trustee to consider an offer of $150 for the right, title and interest of the bankrupt as a tenant by the entirety, in certain real estate which need not be described.

Whether the entire matter is more than a tempest in a teapot may be open to question.

The said real estate constituted an asset of the bankrupt not administered (perhaps not scheduled?) in the proceedings which resulted in his discharge. That was a no-asset case, and apparently the attorney for the trustee at that time is now the attorney for the creditor who appears in behalf of this petition.

Since the proceedings were properly reopened, a new trustee was appointed who made the application which resulted in the Referee's order of October 14, 1958.

The second trustee also sought to have declared null and void four judgments which had been recovered against the bankrupt within the period of four months prior to the filing of his petition. Those are tabulated in Paragraph 5 of the trustee's petition dated September 9, 1958, and as to the first (Empire Park etc. Corp.), no opposition was offered; as to the other three (Philip Gruber Co., Inc.), an answer was filed raising issues and the Referee proceeded, after hearing argument, to grant the trustee's petition. It is the failure to grant a hearing which is principally urged in behalf of the petition to review.

Since the answer raised a question as to the running of the statute of limitations against the trustee as contained in Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, it would seem that the matter should be returned to the Referee with the request that he conduct a hearing in what would be regarded as a summary proceeding directed to the said Gruber judgments.

It would be proper for the Referee to permit the trustee to amend his petition to allege insolvency on the part of the bankrupt at the time that the said Gruber judgments were recovered; that seems to be a conceded fact, but it is not alleged in the petition.

The petitioning creditor cites Herget v. Central Bank Co., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656, which seems to be important on the question of the statute of limitations; while that was a plenary suit, the same principle would seem to apply to a summary proceeding.

Apparently the attorney for Gruber was the attorney for the trustee at the outset of the bankruptcy proceeding, and that may have some significance in the disposition of this proceeding, since it would have been proper for the then trustee to take the action which the present trustee has undertaken. It seems to be a subject into which the Referee should inquire.

The proceeding is remitted to the Referee for the purpose of conducting a hearing, and otherwise to inquire into the allegations contained in Paragraph 9, subd. (d) of the petition for a review.

Settle order.