## HERGET v. CENTRAL NAT. BANK & TRUST CO. OF PEORIA.

### In re N. L. ROGERS & CO., Inc.

### No. P–257.

District Court, S. D. Illinois, N. D.

Aug. 26, 1943.

Ira J. Covey, of Peoria, Ill., for plaintiff.

John M. Elliott and Chester L. Anderson, both of Peoria, Ill., and Walter Bachrach, of Chicago, Ill., for defendant.

ADAIR, District Judge.

This cause arises upon the motion of the defendant to dismiss the complaint alleging that the action is barred by Section 11, sub. e, of the Bankruptcy Act, 11 U.S. C.A. § 29, sub. e. Said complaint purports to charge a cause of action to set aside for recovery certain preferences alleged to have been received by the defendant. Further affirmation arose from the complaint that the plaintiff was appointed Trustee of the estate in bankruptcy on May 25, 1938, and immediately qualified as such Trustee, and that this cause of action was filed with the Clerk on March 3, 1943. This motion having been argued orally, and briefs having been submitted, the court finds:

The question before the court is purely the construction of Sec. 11, sub. e, of the Bankruptcy Act, which said section contains the following language: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

The Statutes of the State of Illinois after setting forth numerous provisions and limitations of the Statute of Limitations applicable to particular causes of action, none of which were applicable to the present cause, contains the following language: All other causes of action shall be commenced within a period of five years from the date the cause of action arose. The cause of action alleged in this complaint charges that the defendant accepted certain voidable preferences from the bankrupt, and asks that said preferences be set aside and the defendant be held accountable.

The court finds that a suit for voidable preference did not and cannot arise under the laws of the State of Illinois, and that the inception of the right to sue arises with the appointment and qualification of the Trustee in Bankruptcy and no Statute of Limitation of the State of Illinois attached or determines the length of time within which the plaintiff shall bring suit; that no cause of action could arise under the Laws of the State of Illinois for voidable preference, and that no cause of action arose nor was anyone capable of enforcement of same until the Trustee was appointed under the Bankruptcy Act, and, therefore, the Statute of Limitation of the State of Illinois was not applicable and that the Statute of Limitation was governed by the Chandler Act, which provides for a period of two years within which to bring suit after the appointment of such Trustee; that such limitation of two years was not enlarged upon by the extension of an unexpired time provided by the Statute of Limitation and that in this case more than two years has elapsed between the appointment of a Trustee and the filing of this suit.

Hence, it is the opinion of this court, and the court so finds, that the Chandler Act provided a limit of two years from the appointment of a Trustee for the filing of a Suit of this nature, and that such construction applies in this case because the cause of action did not arise prior to the time of the appointment of a Trustee, and that this cause of action was created by the Bankruptcy Act and is governed by Section 11, sub. e, of the Bank-

ruptcy Act, and that such limitation provided in such section of two years has expired.

Therefore, the motion to dismiss the complaint is allowed, and said complaint is dismissed at the costs of the plaintiff.