## HERGET v. CENTRAL NAT. BANK & TRUST CO. OF PEORIA.

### No. 8418.

Circuit Court of Appeals, Seventh Circuit.

Feb. 5, 1944.

Rehearing Denied April 5, 1944.

Ira J. Covey, of Peoria, Ill., for appellant.

John M. Elliott and Chester L. Anderson, both of Peoria, Ill., and Walter Bachrach, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The trustee in bankruptcy appeals from the dismissal of his action to recover preferences alleged to have been given by the bankrupt within four months previous to the filing of its voluntary petition in bankruptcy. The District Court sustained appellee's motion to dismiss the complaint on the ground that it was barred by the applicable statute of limitations, and the correctness of that ruling is the only question presented to us.

The bill of complaint, filed March 3, 1943, alleged that N. L. Rogers and Company was adjudicated a bankrupt on April 11, 1938, on its petition filed on that date, and appellant was thereupon elected and qualified as trustee of its estate on May 25, 1938. It further alleged that during the four-month period prior to the adjudication, the company was indebted to appellee in sums varying from $50,000 to $350,000 from day to day, all of which indebtedness was either unsecured or very inadequately secured, and that during that period the company delivered to appellee money and securities in amounts varying from $5 to $20,000, aggregating $308,122, all of which was applied by appellee on the antecedent unsecured debt, thereby effecting an illegal preference, recovery of which appellant demanded in the full amount.

■ Appellee contends, and the District Court held, that the action was barred by § 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e:

"A receiver or trustee may, within two years subsequent to the date of adjudication *or within such further period of time as the Federal or State law may permit,* institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. * * *" (Our ital.)

Appellee contends that § 11, sub. e, fixes a two-year period within which the current suit could be brought, inasmuch as there is no other federal or state law under which the period could be extended. Appellant, on the other hand, contends that the section permits maintenance of the suit by reason of the extension allowed therein by state law, spelling out a five-year period by interweaving § 11, sub. e, and two sections of the Illinois Statute on Limitations, Chap. 83, Ill.R.S.

The District Court held, we think correctly, that inasmuch as the suit, being one to avoid a preference, arose under the Bankruptcy Act, the Illinois statute of limitations could not operate to fix the time within which it could be brought. It is obvious that the cause of action is predicated solely upon § 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, and although subsection b of that section provides for concurrent jurisdiction in state and federal courts for suits brought thereunder, it does not specify the period within which such suits must be brought, hence the applicability of § 11, sub. e, above. Both parties are agreed that § 11, sub. e, controls, but they differ as to its proper construction.

■ In order to arrive at the five-year period which appellant contends applies here, he relies upon §§ 12 and 15 of the Illinois Act, Ill.Rev.Stat.1943, c. 83, §§ 13, 16. § 12 furnishes the introduction to the scheme for limitations for bringing personal actions: "The following actions can only be commenced within the periods hereinafter prescribed, *except when a different limitation is prescribed by statute.*" (Our ital.) § 15 provides that "all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Appellant contends that § 11, sub. e, in providing for a two-year period, "or * * * further period of time as the Federal or State law may permit," prescribes "a different limitation" which brings § 15 into effect to fix the limitation at the five-year period provided for "all civil actions not otherwise provided for." This is a good illustration of the process of pulling oneself up by one's own bootstraps. The exception contained in each section (11, sub. e, and 12) must be relied upon to bring into operation that contained in the other before any occasion arises for the application of the § 15 provision for the five-year period. This requires a complex construction of § 11, sub. e, when in fact the meaning of that section seems quite simple—that where a cause of action has not already expired at the time of the filing of the petition in bankruptcy, a receiver may sue on it within whichever is the longer of two periods, two years, or that provided by the statute permitting or creating the cause. Since it is the Bankruptcy Act which creates the cause of action here, it must provide the period for bringing it, and in the absence of other provision, the two-year one applies.

■ Appellant contends that if the two-year period here fixed is affirmed, the effect will be to provide one period for the action if brought in the bankruptcy court, and a different one for the same action if brought in the state court, as it may be under the alternative provision of § 60, sub. b. This does not follow. The Illinois limitation statute provides the five-year period only in case no other is provided. But if this

152

case were brought in the state court, since the action could arise only under § 60, sub. b of the Bankruptcy Act, the limitation provided by that Act would operate just as it would if the cause were brought in the bankruptcy court. There is no applicable state statute for the reason that the cause of action was not created by the state. Appellant cites and quotes from various cases and text writers, but we find none of his authorities helpful or applicable to the facts here presented, for none of them deal with the effect of § 11, sub. e, on causes of action created by the Bankruptcy Act. In fact we have found no case strictly in point.

Judgment affirmed.