HERGET, TRUSTEE IN BANKRUPTCY, *v.* CENTRAL NATIONAL BANK & TRUST CO.

No. 322.   Argued January 9, 10, 1945.—Decided January 29, 1945.

*Mr. William D. Donnelly* for petitioner.

*Mr. Walter H. Moses,* with whom *Messrs. John M. Elliott* and *Walter Bachrach* were on the brief, for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

This case presents the narrow issue of whether § 11e of the Bankruptcy Act, 11 U. S. C. § 29e, bars at the end of

two years from the date of adjudication in bankruptcy an action brought by the trustee in bankruptcy to set aside and recover a preferential transfer.

On April 11, 1938, N. L. Rogers & Company, Inc., filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt on the same day. On March 3, 1943, the petitioner trustee filed a complaint under § 60 of the Bankruptcy Act, 11 U. S. C. § 96, against the respondent bank to set aside and recover payments totalling over $300,000 alleged to have been given illegally by the bankrupt to the respondent within four months prior to the filing of the bankruptcy petition. The District Court dismissed the complaint on the ground that the suit had been instituted more than two years subsequent to the date of adjudication in bankruptcy and hence was barred by § 11e. It thus overruled the trustee's contention that Illinois law allowed him five years in which to bring this action and that this five-year limitation was controlling since it fell within the provision of § 11e allowing suits "within such further time as the federal or state law may permit." 53 F. Supp. 265. The court below affirmed this judgment. 141 F. 2d 150. In our view, such a result is plainly right.

Two-year limitations on suits by and against trustees have long been integral parts of federal bankruptcy statutes. Section 8 of the Bankruptcy Act of 1841, 5 Stat. 440, 446, 447, applied a two-year limitation on any "suit at law or in equity" by or against any assignee of the bankrupt. Courts held that this related only to suits involving claims held by the bankrupt before assignment, rather than to suits on claims arising after the bankruptcy proceedings began,[1] but its applicability as to rights accruing to the assignee on the date of the assignment by virtue

---

[1] See *In re Conant*, 5 Blatch. 54, Fed. Cas. No. 3086; *Stevens* v. *Hauser*, 39 N. Y. 302. Cf. *Banks* v. *Ogden*, 2 Wall. 57, 70.

of the Bankruptcy Act apparently was not raised or determined.

Section 2 of the Bankruptcy Act of 1867, 14 Stat. 517, 518, which was reenacted in substantially the same form in Revised Statutes § 5057, placed a similar limitation on any "suit at law or in equity . . . by or against such assignee . . . touching the property and rights of property" of the bankrupt. Here again the limitation was held to apply only to suits growing out of disputes and transactions prior to assignment.[2] *Dushane* v. *Beall,* 161 U. S. 513. But in *Bailey* v. *Glover,* 21 Wall. 342, 346, this Court stated that this limitation "applies to all judicial contests between the assignee and other persons touching the property or rights of property of the bankrupt transferable to or vested in the assignee." See also *Gifford* v. *Helms,* 98 U. S. 248, 252; *Jenkins* v. *International Bank,* 106 U. S. 571, 575. The inference seems clear from this that suits to set aside preferential transfers made prior to the assignment would have been held to fall within the reach of the two-year limitation.

Section 11d of the Bankruptcy Act of 1898, 30 Stat. 544, 549, provided that "Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." State and lower federal courts explicitly and uniformly held that this two-year limitation controlled the trustee's right to set aside and recover preferential transfers under § 60 of the Act.[3] But courts differed as to whether § 11d or state statutes of limitation applied to causes of action inherited by the trustee from the bankrupt or the bankrupt's creditors.[4]

---

[2] See *Bowen* v. *Delaware, L. & W. R. Co.,* 153 N. Y. 476, 47 N. E. 907. Cf. *Phelan* v. *O'Brien,* 13 F. 656.

[3] *Davis* v. *Willey,* 273 F. 397; *Meikle* v. *Drain,* 69 F. 2d 290; *Arnold Grocery Co.* v. *Shackelford,* 140 Ga. 585, 79 S. E. 470.

[4] Among those cases holding that § 11d applied are *Isaacs* v. *Neece,* 75 F. 2d 566, *Engebretson* v. *West,* 133 Neb. 846, 277 N. W. 433, and

It was this conflict under § 11d of the 1898 Act that was primarily responsible for the framing of the new § 11e in 1938. This latter provision, which is controlling in this case, settles the problem by stating in part that "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the federal or state law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by federal or state law had not expired at the time of the filing of the petition in bankruptcy."

In light of the judicial construction and application of analogous provisions in earlier bankruptcy acts, it is significant that Congress in § 11e failed to enlarge the time for bringing suits arising under the Bankruptcy Act by making state statutes of limitation of longer duration applicable to such federal causes of action. None of the prior provisions had been construed so as to apply state statutes of limitations to actions by trustees based on claims arising under the bankruptcy statutes. And the courts had frankly and unmistakably imposed the two-year limitation of §11d of the 1898 Act, which is the immediate predecessor of § 11e, to suits by trustees to set aside and recover preferential transfers. The legislative background and history, as well as the language of § 11e, are barren of any basis for concluding that Congress intended to make suits of this nature subject to longer limitations imposed by state laws.[5] Congress could have

---

*Callaghan* v. *Bailey*, 293 N. Y. 396, 57 N. E. 2d 729. Cases holding that the state statutes of limitation applied include *Davis* v. *Willey*, 273 F. 397, and *Silverman* v. *Christian*, 123 N. J. Eq. 506, 198 A. 832. See also *Charlesworth* v. *Hipsh, Inc.*, 84 F. 2d 834; *Nairn* v. *McCarthy*, 120 F. 2d 910.

[5] H. Rep. No. 1409 (75th Cong., 1st Sess.) p. 20, stated that "A new provision in subdivision e permits receivers and trustees within 2 years after the adjudication to institute suits on claims against which the period of limitation fixed by federal or state law had not expired at

expressly restricted the field within which the two-year limitation was to be operative had it so wished. Its failure to do so cannot be ignored.

The actual language used in § 11e is clearly appropriate to an action under § 60. Section 11e is not limited by its words to actions inherited by the trustee; nor does it discriminate against actions by the trustee accruing to him under the Act. It provides simply that the trustee must bring action on any claim in behalf of the estate within two years subsequent to the date of adjudication or within such further time as the federal or state law permits, provided that such law did not bar the action on the date when the petition was filed.

Here the only applicable law is § 60 of the Bankruptcy Act, which generates the cause of action and which contains no time limitations as to actions brought pursuant thereto. And since the trustee's right to set aside and recover preferential transfers relates to transactions occurring prior to the filing of the petition and since this right did not accrue before the date on which the petition was filed, such an action obviously cannot be excluded from the limitation on the ground that it was barred by federal or state law at the time the petition was filed. Hence the trustee was bound to "institute proceedings in

---

the time of the bankruptcy or within such further time as the federal or state law may permit."

S. Rep. No. 1916 (75th Cong., 3d Sess.) p. 13, stated: "The provisions of the existing law in regard to suits by or against trustees have been revised and modified, and receivers are included. The period of limitations in respect to such suits has been restricted in the bill to 2 years after the date of adjudication instead of 2 years after the date of the closing of the estate."

See also Joint Hearings before the Subcommittees of the Committees on the Judiciary (72d Cong., 1st Sess.) on S. 3866, Part 4, pp. 932–933; 6 Journal of Nat. Assoc. of Referees in Bankruptcy 65; 1 Collier on Bankruptcy (14th Ed.) 1186.

behalf of the estate" to set aside and recover any preferential transfers "within two years subsequent to the date of adjudication." More than two years having elapsed between the date of adjudication and the commencement of the suit in this instance, the courts below properly held that the action was barred under § 11e.

Inasmuch as the federal Bankruptcy Act has created the liability and has also fixed the limitation of time for commencing actions to enforce it, we have no occasion to consider the trustee's arguments concerning the applicability and construction of the Illinois statutes of limitation. Cf. *Campbell* v. *Haverhill,* 155 U. S. 610; *McClaine* v. *Rankin,* 197 U. S. 154; *Rawlings* v. *Ray,* 312 U. S. 96; *Davies Warehouse Co.* v. *Bowles,* 321 U. S. 144, 155, 156.

The judgment of the court below is

*Affirmed.*