**In the Matter of HILLCREST LUMBER CO., Inc., Debtor,**
**and**
**Doran Lumber Co., Debtor.**
Nos. 50509, 50510.

United States District Court
E. D. New York.
Feb. 18, 1959.

Max Ornstein, New York City, for petitioners.

I. Louis Kottler, Brooklyn, for respondent.

Leo Raines, New York City, for Creditors' Committee.

RAYFIEL, District Judge.

This is a petition to review an order of Hon. Louis J. Castellano, Referee in Bankruptcy, dated June 25, 1958.

The petitioners, the debtors herein, commenced a proceeding by order to show cause, dated March 1, 1958, to direct Terminal Factors, Inc., the respondent herein, to pay to the petitioners Hillcrest Lumber Co., Inc., and Doran Lumber Corp. the sums of $2,037.28 and $16,188.06, respectively.

It appears that at the time of the filing by the debtors in December, 1952, of their petitions for relief under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., the respondent herein claimed a lien upon certain lumber. On September 9, 1953 the Referee, upon a petition made by the debtor Hillcrest Lumber Co. Inc., signed an order wherein the said debtor was "authorized to sell the lumber set forth in the annexed petition to Richard Lumber Co. of 16th Avenue and 61st Street, Brooklyn, New York, for the sum of $2,037.28 upon the terms and conditions set forth in the annexed petition;" and it was further ordered "that out of the proceeds of the aforementioned sale, all terminal charges shall be paid and the balance remaining shall be paid over and held by Terminal Factors, Inc. subject to the summary jurisdiction of this Court, and the right of the Referee in Bankruptcy herein to adjudicate all issues with respect to the validity and extent of the lien claims of Terminal Factors, Inc., and any other lien or claim asserted by any other person, without prejudice to the rights of any party to the aforesaid lumber or the proceeds of the sale thereof, it being the intention to transfer any and all claims or liens from the aforesaid lumber to the net proceeds of the sale thereof." A similar order was entered authorizing the debtor Doran Lumber Corp. to sell for the sum of $16,829.66 the lumber held by it, on which the respondent claimed a lien.

The respondent moved under Rule 12 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for judgment on the pleadings, on the ground that the proceedings were barred by the two-year statute of limitations provided for in Section 11, sub. e of the Bankruptcy Act. Title 11 U.S.C.A. § 29, sub. e.

The Referee granted the respondent's motion, citing as authority therefor (1) Herget v. Central Nat. Bank, etc., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656, which held that the petitioners, (debtors) being in the position of trustees under Section 342 of the Bankruptcy Act, are subject to the two-year statute of limitations (Section 11, sub. e, supra), and (2) Matter of Schaffer, decided by Judge Mandelbaum of the United States District Court for the Southern District of New York, (not officially reported) Bankruptcy Number 5537, which holds that the two-year statute of limitations provided for in Section 11, sub. e, supra, is applicable to summary proceedings as well as plenary suits. Those cases are inapposite.

In my opinion the learned Referee erred in granting the respondent's motion. He appears to have misinterpreted his own orders of September 9, 1953. Those orders provided that the *debtors* were to sell the lumber and, after the payment of the terminal charges, the balance of the proceeds of such sales was to be paid over to and held by the respondent *"subject to the summary jurisdiction of this Court, and the right of the Referee in Bankruptcy herein to adjudicate all issues with respect to the validity and extent of the lien claims of Terminal Factors, Inc. and any other lien or claim asserted by any other person, without prejudice to the rights of any party to the aforesaid lumber or the*

*proceeds of the sale thereof, it being the intention to transfer any and all claims or liens from the aforesaid lumber to the net proceeds of the sale thereof."* (Emphasis added.)

Those orders make the respondent merely the custodian or depository of the funds *"subject to the summary jurisdiction of this court,"* (emphasis added) and do *not* provide that the funds be turned over to the respondent without restriction, or that it hold the funds *for its own use and benefit.* The orders clearly state that it is to hold the funds *subject to "the right of the Referee in Bankruptcy herein to adjudicate all issues"* with regard to the *validity of the respondent's lien,* etc. (Emphasis mine.) That adjudication has not yet been made, and it is a determination of the validity of the respondent's liens that was sought by the debtors in their petition, which was dismissed by the Referee.

Counsel for the respondent, in a letter to the court dated February 13, 1959, cites an opinion of Chief Judge Byers of this Court in the Matter of Samuel Shapiro, 187 F.Supp. 298 (it is cited by counsel as David Shapiro), Bankruptcy Number 51899, to the effect that Judge Byers "held that Section 11(e) of the Bankruptcy Act is an *absolute* bar to the institution of a turn over motion seeking to adjudicate the validity of a State Court lien if commenced after two years from the date of the order approving debtor's petition, or two years after election of the Trustee." (Emphasis added.) A reading of Judge Byers' opinion reveals that there is *absolutely* no basis for that conclusion by counsel. Judge Byers stated that: "Since the answer raised a question as to the running of the statute of limitations against the trustee as contained in Section 11 sub. e of the Bankruptcy Act, it would seem that the matter should be returned to the Referee with the request that he conduct a hearing in what would be regarded as a summary proceeding directed to the said Gruber judgments." He went on to say that the Referee could permit the trustee

to amend his petition to allege insolvency on the part of the bankrupt at the time the judgments in question were obtained. He then referred to the case of Herget v. Central Nat. Bank, etc., supra, on the question of the statute of limitations, and observed that although that was a plenary suit "the same principle would seem to apply to a summary proceeding." *Judge Byers sent the matter back to the Referee to take testimony as to the running of the statute. He made no finding that it was an absolute bar.*

I have considered the other arguments advanced by the respondent and find that they are without merit.

The petition for review is granted, and the proceeding is remanded to Referee Castellano for the purpose of conducting a hearing on the merits of the petitioners' motion.

Settle order on notice.