**Paul E. CLOUSER, Trustee in Bankruptcy for the Estate of Truman Horner, In Bankruptcy No. 11547, In the United States District Court for the Middle District of Pennsylvania, Plaintiff,**

v.

**The HARRISBURG NATIONAL BANK AND TRUST COMPANY, Defendant.**

Civ. A. No. 7952.

United States District Court
M. D. Pennsylvania.
July 12, 1963.

Goldberg, Evans & Katzman, Harrisburg, Pa., for plaintiff.

George M. Houck, Mechanicsburg, Pa., Metzger, Wickersham & Knauss, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

This matter is before the Court on motion of defendant to dismiss part of an amended complaint.

The parties are in substantial agreement on the facts which may be briefly summarized as follows:

On December 15, 1960, Truman Horner was adjudicated a bankrupt. On December 12, 1962, within two years after that date, his Trustee in Bankruptcy brought a suit against The Harrisburg National Bank and Trust Company under Section 60 of the Bankruptcy Act, alleging that certain payments made by the bankrupt to the bank were preferences.

More than two years after December 15, 1960, namely, on or about February

28, 1963, a motion to file an amended complaint was served on defendant, with notice that the motion would be brought before the Court on April 4, 1963. Before defendant had an opportunity to answer or protest, an Order was inadvertently made on February 28, 1963, allowing the filing of the amended complaint.

On March 20, 1963, defendant filed a motion to dismiss part of the amended complaint, namely, the addition of three alleged preferential payments which were made within four months of the bankruptcy.

From the affidavits and briefs filed by both parties, and oral argument, it further appears that The Harrisburg National Bank and Harrisburg Trust Company were prior to October 27, 1961, two separate corporations having their main offices at the same premises, to wit: 10–16 South Market Square, Harrisburg, Pennsylvania, and were operated by five identical officers in the positions of President, First Vice President, Administrative Vice President, Vice President and Comptroller, and Vice President and Secretary. The Harrisburg National Bank had a branch office located at Mechanicsburg, Pennsylvania, and Harrisburg Trust Company had a branch office located at Highspire, Pennsylvania.

Beginning on or about September 28, 1957, loans were made by the Mechanicsburg office of The Harrisburg National Bank to Truman E. Horner. Beginning August 13, 1959, the Highspire office of Harrisburg Trust Company began lending to Truman E. Horner. Each branch had its own Advisory Board by whom the loans were approved. Each branch also had its own manager. Some loans were secured, some unsecured.

Prior to August 1960, Horner conferred with Samuel M. Pursel, Administrative Vice President of both banks, concerning repayment of the loans made by both banks, and these conferences were held in the common meeting room on the premises on South Market Square, Harrisburg, Pennsylvania.

On October 27, 1961, The Harrisburg National Bank and Harrisburg Trust Company were consolidated under the provisions of the National Banking Act into The Harrisburg National Bank and Trust Company, which is the named defendant in this suit.

The complaint alleges that four repayments on unsecured loans were made by Horner on August 26, 1960, September 7, 19, and 19, 1960. The answer claims that the August 26, 1960, payment was on a secured loan and consisted of principal and interest; that the September 7, 1960, payment was principal and interest on an unsecured loan; that one payment made on September 19, 1960, was payment on principal of an unsecured loan, and that the second payment made on September 19, 1960, was interest on an unsecured loan; that all four payments were made to The Harrisburg National Bank. The amended complaint attempts to add repayments as follows:

| September 2, 1960 | $4,500.00 |
| September 19, 1960 | 5,000.00 |
| October 19, 1960 | 2,200.00. |

Section 11 of the Bankruptcy Act, dated June 22, 1938, as amended, 11 U.S.C. § 29, provides in Subsection (e) as follows:

"(e) A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action,

filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be."

Volume 1, Collier on Bankruptcy, 14th Ed., states, on Page 1196, as follows:

"Subdivision e operates as a statute of limitations on suits brought in behalf of the estate by the receiver or trustee. The language of the subdivision clearly indicates that it has reference to suits initiated subsequent to the time of bankruptcy. If the cause of action arises under the Bankruptcy Act itself, the two-year period is the maximum time which is allowed. This interpretation of § 11e was announced by the Supreme Court in an action by the trustee to recover a preference under § 60 of the Act. *  *  *"

Regardless of the rather unusual and intimate location of these two banks, the fact remains they were two separate corporate entities. They each had branch offices located in different communities and managed and operated by separate personnel.

■ Under the above quoted portion of the Bankruptcy Act the cause of action in this case accrued on the date of the adjudication, to wit: December 15, 1960. This section bars after two years from the date of adjudication in bankruptcy an action brought by the trustee in bankruptcy to set aside and recover a preferential transfer; and a State statute of limitations can not operate to extend the period. Herget v. Central Bank & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945).

■ Whatever causes of action existed on December 15, 1960, against The Harrisburg National Bank and Harrisburg Trust Company were on that date, being the date of the adjudication, separate and distinct causes of action, against separate and distinct corporate entities.

The adjudication occurred December 15, 1960. The consolidation of the two banks occurred October 27, 1961. The complaint was filed against the consolidated bank December 12, 1962, three days less than the permissive two year period.

The motion to dismiss states that the three payments covered in the motion to amend were all made to Harrisburg Trust Company.

Had the consolidation not taken place there certainly would have been two completely separate and distinct claims. The statutory limitation is equally applicable to both claims. The Trustee timely filed an action to recover a gross of $7,624.89 repayments allegedly improperly made to The Harrisburg National Bank. At the time the suit was filed The Harrisburg National Bank was no longer extant, it had now become The Harrisburg National Bank and Trust Company. Accordingly, the latter became the defendant.

The Trustee neglected within the statutory period to institute suit against Harrisburg Trust Company to recover a gross of $11,700.00 repayments allegedly improperly made to Harrisburg Trust Company. The Trustee now attempts to cover his failure to include the Harrisburg Trust Company payments by contending that the two separate and distinct claims against the two banks which accrued on December 15, 1960, the date of the adjudication, were merged into one cause of action because of the consolidation of the banks.

I hold that the claims against the two banks were not merged into one cause of action because of the merger of the banks. Accordingly, motion of defendant to dismiss that portion of the claim added by the amendment will be granted.