## G. L. NICKLAUS, TRUSTEE IN BANKRUPTCY IN SUCCESSION ET AL *v.* ROBERT Y. McCLURE

5-435 9                                         423 S. W. 2d 562

### Opinion delivered February 5, 1968

*Rose, Meek, House, Barron, Nash & Williamson,* for appellee and cross-appellant.

*James K. Young,* for appellants.

JOHN A. FOGLEMAN, Justice. This is an appeal from a decree dismissing a suit to recover payments alleged to constitute preferences under the federal bankruptcy act.

The suit was brought by R. M. Priddy, Trustee in Bankruptcy of the estate of Commodities, Inc., a cor-

poration, adjudicated bankrupt on November 5, 1959, on petition filed September 16, 1959. Later, G. L. Nicklaus, trustee in succession to Priddy, was substituted as plaintiff during the pendency of the action in the lower court. It was alleged that appellee, who was president of the corporation, received $10,000, or some other amount, from the corporation in payment of an indebtedness within 120 days prior to the filing of the petition in bankruptcy, with full knowledge of the insolvency of the corporation. The suit was filed July 13, 1962. The complaint contained an allegation that information relating to the cause of action was not obtained by the trustee until an audit of the affairs of the corporation was had. Appellee filed a general denial and pleaded the bar of limitations set forth in Ark. Stat. Ann. § 64-803 (Repl. 1966) and in 11 U. S. C. § 29. The trial court entered judgment for appellee on December 8, 1966, finding that the action was barred by 11 U. S. C. § 29(e). This judgment was set aside by the trial court on January 4, 1967, and appellant Hi-Pro Fish Products, Inc., a creditor and assignee of other creditors of the bankrupt corporation, was permitted to intervene.[1] Later the court dismissed the action "on limitations."

The trustee employed one D. C. (Dave) Garrett, CPA, to make an audit of the affairs of the corporation. This audit was delivered to the trustee between July 1 and July 15, 1961. The trustee was authorized to bring this suit on April 4, 1962.

Appellee was called as a witness by appellant. He testified that he, his wife, and an unnamed person each owned 30% of the stock of the corporation. McClure was president and had general supervision of the corporation business. The Bank of Russellville loaned the cor-

---

[1] Appellee contends on cross-appeal that the chancery court erred in permitting this intervention. We deem it unnecessary to pass on this question because an appeal was taken by the trustee and the brief was filed on behalf of both the trustee and the intervenor, the questions raised by them here being identical.

poration $10,000 on March 25, 1959. McClure testified that the note was signed by Commodities, Inc. and endorsed by him. He stated that these proceeds did not go through his hands, the bank having only given him a deposit slip to the account of Commodities, Inc. for the proceeds of the loan. These were used to pay debts of the corporation.

It was stipulated that the loan was repaid as follows:

| April 28, 1959 | $1,630.00 |
| May 26, 1959 | 1,638.15 |
| June 26, 1959 | 1,646.34 |
| July 25, 1959 | 1,655.76 |
| August 25, 1959 | 1,662.70 |
| August 27, 1959 | 1,767.05 |

The executive vice president of the Bank of Russellville testified that a loan of $10,000 was made to appellee personally; however, the loan was actually made by an officer of the bank who did not testify. The bank's liability ledger sheet indicated that this loan was made on March 25, 1959, for 30 days. The credits appearing on this ledger correspond with the stipulated dates and amounts of payments on the loan which appellee testified was made to the corporation.

D. C. Garrett testified that his audit of the books of the corporation was not a complete one because many of its records were not available for inspection. McClure had testified that some of the corporate records had been destroyed prior to the filing of the bankruptcy petition. Garrett's partial audit and report to the trustee in bankruptcy were dated in May 1961. He had found a record of payments by the corporation on the $10,000 note on the journal of the corporation. It corresponded with the dates and amounts shown on the bank's liability ledger sheet. When the witness asked appellee for the note, he was told that it had been de-

stroyed. The books of the corporation reflected the receipt of this $10,000 and showed that it was expended in payment of company obligations.

Title 11, § 29(e), USCA provides in pertinent part:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

Appellant seeks to avoid the bar of this statute by the argument that the statutory period did not begin to run until July 1, 1961, when the audit was delivered to appellant.

We find that the learned chancellor was correct in his application of this statute of limitations. Authorities cited by appellants are based upon the rule of law that statutes of limitations do not run against a cause of action based upon fraud until the fraud is discovered. In equity this rule has often been applied where the one allegedly injured remains in ignorance of the facts without fault or want of diligence on his part. See *Bailey* v. *Glover,* 88 U. S. (21 Wall.) 342, 22 L. Ed. 636; *Holmberg* v. *Armbrecht,* 327 U. S. 392, 66 S. Ct. 582, 90 L. Ed. 743.

This cause of action to set aside a preference is created by the bankruptcy statutes themselves. See *Herget* v. *Central Nat'l. Bank & Trust Co.,* 324 U. S. 4, 65 S. Ct. 505, 89 L. Ed. 656, where it was clearly held that the two-year statute of limitations provided by 11 USC, § 29(e) applies to a cause of action to set aside and recover a preferential transfer. Resort to state statutes of limitations, such as the three-year limitation provided in Ark. Stat. Ann. § 37-206 (Repl. 1962), suggested by appellants, is foreclosed by that opinion, in-

sofar as actions to recover preferences are concerned. The qualification in the federal statute allowing a longer period under applicable federal or state law applies only to causes of action accruing before the adjudication in bankruptcy and not then barred by the applicable limitations statute.

In actions for recovery of preferential transfers, made fraudulent only by the statute itself, it has been held that the doctrine of *Bailey* v. *Glover, supra*, [also relied on in *Austrian* v. *Williams,* 80 F. Supp. 437 (S. D. NY 1948).] was not to be read into § 29(e). *Wells* v. *Place,* 92 F. Supp. 477 (N. D. Ohio 1950). On the other hand, there are decisions in Clayton Act cases holding that fraudulent concealment of causes of action created by federal statute tolls all applicable statutes of limitations. See *Kansas City* v. *Fed. Pac. Elec. Co.,* 310 F. 2d 271 (CCA 8th 1962); *Pub. Serv. Co.* v. *Gen. Elec. Co.,* 315 F. 2d 306 (CCA 10th 1963); *Westinghouse Elec. Corp.* v. *Pac. Gas & Elec. Co.,* 326 F. 2d 575 (CCA 9th 1964). These decisions apply statements from the opinion in *Holmberg* v. *Armbrecht,* 327 U. S. 392, 66 S. Ct. 582, 90 L. Ed. 743, which might well be considered dicta.

Even if the doctrine should be held applicable, however, we do not find adequate factual basis to sustain appellants' position. Where there is sufficient information in the record to put the trustee in bankruptcy on inquiry, there is no fraudulent concealment. *Greene* v. *Taylor,* 132 U. S. 415, 10 S. Ct. 138, 33 L. Ed. 411. The "Statement of Affairs" filed January 4, 1960, by appellee on behalf of the corporation in the bankruptcy proceeding stated the following:

A financial statement had been furnished by the corporation to Peoples Exchange Bank in Russellville in 1959;

Bank accounts were maintained in the same bank, as well as in the Bank of Russellville and the Bank of Dardanelle;

The loan of $10,000 by the Bank of Russellville was repaid within a year immediately preceding the filing of the bankruptcy petition;

All papers and ledgers had been delivered to the trustee.

Had appellants or their accountant made inquiry at the Bank of Russellville at the time this document was filed, or within 22 months thereafter, they would have learned every fact that is in the record now. There seems to have been no difficulty in ascertaining that the payments on this loan were made by the corporation, once the inquiry was made. The books and records in the hands of trustee's accountant, as set out earlier, also showed practically every fact necessary to institute this action. It appears that they had been in the accountant's hands for more than six months prior to the date of his report. One seeking to avoid the bar of the statute of limitation provided in bankruptcy statutes must show diligence on his part in seeking knowledge of the facts which are the foundation of the cause of action. *Avery* v. *Cleary*, 132 U. S. 604, 10 S. Ct. 220, 33 L. Ed. 469.

We have searched the record and find no act on the part of appellee by which he sought to conceal the facts from appellants. Some affirmative act on his part is required before we can say there was fraudulent concealment. Mere failure to reveal, in the absence of a duty to speak, is not sufficient. *Williams* v. *Purdy*, 223 Ark. 275, 265 S. W. 2d 534.

The judgment is affirmed.