**1200**

John **NICHOLAS**, as Trustee in the Matter of Pioneer Book Publishers, Inc., Bankrupt, Plaintiff,

v.

**PUBLISHERS COLLECTION SERVICE, INC.**, a corporation under the laws of the State of Illinois, the Miami National Bank, a national banking corporation under the laws of the United States of America, and Pioneer Books, Inc., a Florida corporation, Defendants.

Civ. No. 69–121.

United States District Court, S. D. Florida.

Jan. 4, 1971.

Caidin, Rothenberg, Kogan & Kornblum, Frates, Fay, Floyd & Pearson, Miami, Fla., for plaintiff.

Harrison and Kornbluh, Miami, Fla., for defendants.

## FINAL SUMMARY JUDGMENT

KING, District Judge.

The present action was commenced by the filing of a Complaint by John Nicholas, as Trustee for the Bankrupt, Pioneer Book Publishers, Inc., on January 28, 1969. The Complaint was subsequently amended to state two counts.

Count II of the Second Amended Complaint alleges that certain charges made by the Defendant, Publishers Collection Service, Inc., constituted the charging of interest in an amount in excess of that permitted by the Florida Statutes.

As discovery proceeded to a pretrial and the filing of memoranda, it became apparent that Count I of the Second Amended Complaint sought to avoid a preference allegedly conferred upon the Defendant, Publishers Collection Service, Inc., by the collection of various amounts on accounts previously assigned by the bankrupt to Publishers Collection Service, Inc. See: 11 U.S.C.A. § 96.

By way of an amendment to its Answer, the Defendant, Publishers Collection Service, Inc., raised the affirmative defense of the statute of limitations and filed therewith a certified copy of an Order of Adjudication of Bankruptcy. This Order reveals that the bankrupt was adjudicated as such on January 5, 1967.

As previously stated, Count II of the Second Amended Complaint alleges a violation of the Florida usury laws. The Defendant, Publishers Collection Service, Inc., has taken the position that Illi-

nois rather than Florida law controls. Under Chapter 74, § 4, of the Illinois Statutes, it is provided that it is "* * * lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to the following transactions: (a) Any loan made to a corporation; * * *".

The Defendant, Publishers Collection Service, Inc., moved for Summary Judgment pursuant to Rule 56 and said Motion was duly argued and Memoranda of Law submitted by the respective parties.

■ The statute of limitations insofar as a suit by a trustee in bankruptcy to establish a voidable preference is concerned is two years. 11 U.S.C.A. § 29; Herget v. Central National Bank, 1945, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656. On the face of the pleadings, it is apparent that the present Complaint, filed January 28, 1969, is untimely filed. Accordingly, that portion of the Complaint which seeks to establish a voidable preference is barred.

■ There is no genuine issue of any material fact. The contracts in question are controlled by Illinois law. Mr. Joseph Pine at all relevant times was President of the bankrupt Pioneer Book Publishers, Inc. As President of the bankrupt, Mr. Pine had need of certain high risk financing that could not be obtained in Florida. Thereafter, Mr. Pine went to Chicago, Illinois, and negotiated with representatives from Publishers Collection Service, Inc., with respect to obtaining the necessary financing. These negotiations led to an agreement which was reached in Illinois and the parties began doing business on this agreement. Subsequently, this agreement was reduced to writing, but only after the parties had begun doing business based upon the negotiations in Chicago.

All subsequent changes in the business relationship between the bankrupt and Publishers Collection Service, Inc. represented modifications of the initial negotiations and agreement reached in Chicago. The contracts being financed by Publishers Collection Service, Inc.

were delivered to Publishers Collection Service, Inc. in Chicago. The collection cards themselves were delivered to Publishers Collection Service, Inc. in Chicago and all monies advanced by Publishers Collection Service, Inc. were advanced from Chicago.

Under Chapter 74, § 4 of the Illinois Statutes, any charges made to the bankrupt are not usurious.

Accordingly, it is hereby

Ordered and adjudged that the Defendant's, Publishers Collection Service, Inc., Motion for Summary Judgment be and the same is hereby granted. It is further

Ordered and adjudged that the Plaintiff, John Nicholas, as Trustee in bankrupcy of Pioneer Book Publishers, Inc., take nothing from the Defendant, Publishers Collection Service, Inc., that the action be dismissed on the merits and that the Defendant, Publishers Collection Service, Inc., recover of the Plaintiff its costs of action to be taxed at a later date.