## CIRCUIT COURT OF THE CITY OF RICHMOND

H. Franklin Taylor, III,
Trustee in Bankruptcy for
Welford Wiglesworth, Jr.

v.

United Virginia Bank,
Trustee of the Estate of
Welford Wiglesworth,
and Robert Gray Wiglesworth,
Trustee of the Estate of Welford Wiglesworth

August 11, 1988

By JUDGE ROBERT L. HARRIS, JR.

This is an action by H. Franklin Taylor, III ("Taylor"), Trustee in Bankruptcy for Welford Wiglesworth, Jr., against United Virginia Bank and R. G. Wiglesworth, co-trustees ("Trustees") of a residuary trust (the "Trust") established by the will of Welford Wiglesworth (the "Will"). Taylor seeks to recover all interest distributed to the bankrupt under the Will. Specifically, he seeks to recover for the bankrupt's estate all monies paid to or for the benefit of the bankrupt since December 14, 1977, the date of the bankrupt's petition in bankruptcy.

The Trustees have filed a cross-bill against Taylor and the bankrupt, Welford Wiglesworth, Jr. ("Wiglesworth").

The Trustees have asked the court for (i) aid in determining who is legally entitled to distributions under the Trust and in what amounts; (ii) contribution from Wiglesworth for all contributions paid to him which the court determines Taylor is entitled to recover; and (iii) the Trustees' costs and attorneys' fees incurred in handling this matter.

At the trial of this matter, Taylor presented evidence, and at the conclusion thereof, the Trustees and Wiglesworth moved the court to dismiss on the grounds of the statute of limitations, laches, and waiver.

On December 14, 1977, Wiglesworth filed a voluntary petition in bankruptcy, and on January 10, 1978, Taylor was duly appointed Trustee of Wiglesworth's bankruptcy estate. Among the assets listed on Wiglesworth's schedule of assets filed with the Bankruptcy Court was a "contingent-remainder interest in family trust (by contingent on mother's death)."

The Trust was established under the will of Wiglesworth's father dated October 12, 1970. Wiglesworth's father died in 1975 and the Will was admitted to probate on May 29, 1975, in the Clerk's Office, Circuit Court of Chesterfield County. Pursuant to the terms of the Will, United Virginia Bank ("UVB") and R. G. Wiglesworth, the bankrupt's brother, were named Co-Trustees.

After qualifying as bankruptcy trustee, Taylor requested Wiglesworth's attorney to supply him with a copy of the Will. This was done on April 4, 1978, shortly after Wiglesworth received his discharge in bankruptcy on March 20, 1978. On April 10, 1979, Taylor wrote UVB informing it of Wiglesworth's bankruptcy, and requested certain financial information. In that letter he stated: "I am alleging an ownership interest as Trustee in Bankruptcy of the Bankruptcy of the bankrupt's interest in this Trust in accordance with Section 70(a)(5) of the Bankruptcy Act. I am enclosing a copy of the applicable law from Collier Bankruptcy Manual for your information." At that time, Taylor made no demand for payment or turnover of any of the trust assets.

On April 16, 1979, counsel for the Trustees responded by letter and advised that the Trustees had disbursed $2,511.33 to Wiglesworth as income beneficiary under the Trust. A copy of the Will was enclosed. Counsel for the Trustee asserted a fiduciary relationship between the Bank, as Co-Trustee, and the beneficiaries and therefore declined to furnish any other information about the trust or its administration. However, counsel for the Bank invited further inquiry about the information he had provided.

The next written correspondence from Taylor to the Trustees or their counsel was on March 20, 1985, over

five years later. In that letter to counsel for Trustees, Taylor stated he "expected" all future payments due the bankrupt to be paid to him as trustee of the bankrupt's estate. Thereafter, the Trustees placed all future disbursements due Wiglesworth in escrow to be held until entitlement to the trust funds could be resolved.

On April 26, 1985, Taylor filed a Complaint Seeking Order Directing Turnover of Property with the Bankruptcy Court. On November 12, 1985, the Bankruptcy Court dismissed Taylor's complaint for lack of jurisdiction. On January 7, 1986, Taylor filed this action.

From January 11, 1978, through March 20, 1985, Wiglesworth received $12,733.11 from the Trust. Since March 20, 1985, all distributable income due Wiglesworth had been placed in an escrow account pending a determination by this court.

Trustees assert that no funds were wrongfully paid to Wiglesworth before Taylor's March 20, 1985, demand and argue that he is not entitled to recover the funds being held in escrow. However, Trustees contend that if Taylor is entitled to recover any funds from the Trustees, the Trustees should be reimbursed by Wiglesworth since Wiglesworth was not entitled to the funds. The Trustees also claim that all costs and attorney's fees expended by the trustees in connection with this matter should be paid from any assets distributable to either Taylor or Wiglesworth.

Section 70(a) of the Bankruptcy Act provides that, "(t)he Trustee of the estate of a bankrupt . . . upon his . . . appointment and qualification shall in turn be vested by operation of law with the title [to certain property] of the bankrupt as of the date of filing of the Petition initiating a proceeding under this act . . . ." Therefore, it is the opinion of this court and the court so holds that Wiglesworth's interest in the trust vested in taylor on December 14, 1977, upon the filing of the Petition in Bankruptcy by Wiglesworth and the appointment of Taylor as Trustee of the bankrupt's estate.

The defendants, Trustees and Wiglesworth assert that Taylor's claim should be barred because of the doctrine of laches. Laches is such neglect or failure to do what one should do as warrants the presumption that he has

abandoned his claim and declines to assert his right. *Meredith v. Goodwyn*, 219 Va. 1025, 1028-1029, 254 S.E.2d 74, 76 (1979). Defendants contend that Taylor failed to assert the necessary claim regarding his interest and thereby lulled the defendants into the belief that Taylor had no intention of asserting a claim. However, it is the opinion of this court that the doctrine of laches is inapplicable to this case. The evidence shows that Wiglesworth failed to fully or. adequately list the Residuary Trust on the Bankruptcy Petition, and he continued to receive income distribution from the trust even after Taylor was appointed Trustee in Bankruptcy and "alleged an ownership interest as trustee of the bankrupt's interest. . . ." Additionally, copies of Taylor's April 10, 1979, letter to United Virginia Bank asserting his "ownership interest as trustee in Bankruptcy" was sent to the bankrupt, Wiglesworth and his personal attorney, Larry D. Catlett. Therefore, the court finds that both the Trustees and Wiglesworth have unclean hands, and therefore, the doctrine of laches is inapplicable to this matter.

In the alternative, defendants contend that the statute of limitations bars Taylor's claim to any funds from the Residuary Trust.

Although Taylor contends that the statute of limitations has no application to fiduciaries, citing *Lamar v. Hale*, 79 Va. 147 (1884), this court is of the opinion that Section 11(E) of the Bankruptcy Act provides for a two-year statute of limitations in bankruptcy cases. *Herget v. Central Nat'l. Bank and Trust Co.*, 324 U.S. 4 (1945). Taylor next contends that if a two-year statute of limitations were to apply in this case, his claim would still not be time-barred because each payment made by the Trustees to the bankrupt gave rise to a new claim. *First Virginia-Colonial v. Baker*, 225 Va. 72 (1983). In *Baker*, the Virginia Supreme Court ruled that there can be more than one right of action accruing from a cause of action. *Id.* at 81. Taylor argues that this case involves a continuing relationship and each payment to Wiglesworth gives rise to a new right of action.

Defendants argue that the statute of limitations does not accrue separately for each item of damages resulting from a wrongful act and that once a cause of action is complete and the statute begins to run, it runs against

all damages resulting from the wrongful act, even damages which may not arise until a future date. *Brown v. American Broadcasting Co.*, 704 F.2d 1296, 1300 (4th Cir. 1983). Defendants allege that if Taylor's interest in the trust vested when Wiglesworth filed his bankruptcy petition, then Taylor obtained a present right to all future payments from the trust to the extent necessary to satisfy Wiglesworth's creditors. Defendants further argue that the first payment to Wiglesworth was the operative event which triggered the running of the statute of limitations, and not each subsequent payment.

This court is of the opinion that a two-year statute of limitations applies, and each time an improper payment was made to Wiglesworth, a new right of action arose. Therefore, the court holds that Taylor is entitled to recover all funds disbursed within two years of his filing suit in this court on January 7, 1986. All income disbursements made prior to January 7, 1984, will be lost to Taylor because the two-year statute of limitations has run as to those disbursements. Additionally, all trust income being held in trust and all future trust income or assets distributable to Wiglesworth shall be paid over to Taylor until Wiglesworth's creditors have been satisfied.

The court further holds that the Trustees are entitled to recover from Wiglesworth any funds wrongfully paid to him after January 7, 1984. However, the Trustee shall not be entitled to recover such funds from the funds being held in escrow or from other trust assets until sufficient funds have been paid over to Taylor to satisfy Wiglesworth's creditors.

Finally, the Trustee claims that their costs and attorneys' fees should be paid or reimbursed out of the trust funds. At the request of the court, counsel for the Trustees has submitted a billing Memorandum itemizing the time expended in defending this matter.

It is the opinion of the court that the Trustee should have commenced escrowing the income distributions due Wiglesworth upon receipt of Taylor's letter dated April 10, 1979. In that letter, sent to the United Virginia Bank, corporate co-trustee under the Will, Wiglesworth and his personal attorney, Taylor, "alleged" an ownership interest as Trustee in Bankruptcy and even enclosed a photocopy of the applicable section of the Bankruptcy

Act. If the funds had been escrowed at that time, the issue as to who was entitled to the income distributions could have been raised by Wiglesworth, the Trustees, or Taylor. If either the Trustees or Wiglesworth had sought aid and guidance of the court at that time, it would not have been necessary to litigate the issues of laches or the statute of limitations. Therefore, the attorneys' expenses involved in litigating those issues were partially the result of the wrongful payment of the income distributions to Wiglesworth by the Trustees.

Further, since Wiglesworth wrongfully benefited from the distribution made to him by the Trustees, he should ultimately bear the legal expenses incurred by the Trust.

For the above reasons, sixty percent or $9,573.60 of the claimed costs and attorneys' fees of $15,956.00 shall be paid from Wiglesworth's interest in the income or assets of the Trust after sufficient funds have been paid to Taylor to satisfy Wiglesworth's creditors.