T.C. Memo. 2000-28

UNITED STATES TAX COURT

MATTHEW M. PERDUE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16371-98.          Filed January 21, 2000.

Rex B. Cruse, Jr., for petitioner.

Gerald L. Brantley and Dan Cassano, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This matter is before
the Court on petitioner's motion for partial summary judgment,

filed pursuant to Rule 121.[1]  As discussed in detail below, we will deny petitioner's motion.

Background[2]

On July 9, 1998, respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for the years 1991, 1992, 1993, and 1994. Although the notice of deficiency includes a number of adjustments, petitioner's motion for partial summary judgment is limited to respondent's determination that petitioner failed to report $63,207 and $209,275 in income for the taxable years 1991 and 1992.  Respondent asserts that petitioner embezzled funds from his grandmother during the taxable years in issue.  There is no dispute that petitioner filed his tax returns for 1991, 1992, 1993, and 1994 on October 18, 1995.

Petitioner filed a timely petition for redetermination in which he alleged in pertinent part that the amounts that he received from his grandmother in 1991 and 1992 were gifts.  In particular, petitioner alleged that on December 23, 1991, his grandmother, Winfred S. Cade (Ms. Cade), executed a durable power

_____

[1]  Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The following is a summary of the relevant facts that do not appear to be in dispute; they are stated solely for the purpose of deciding the pending motion, and they are not findings of fact for this case.  See Fed. R. Civ. P. 52(a); Rule 1(a).

of attorney appointing petitioner to serve as her attorney-in-fact. Petitioner further alleged that Ms. Cade later directed petitioner to close certain of her bank accounts, pay her outstanding bills, and keep the balance of the funds for himself as gifts. The power of attorney in question does not include an express authorization for petitioner to make gifts.

The record shows that Ms. Cade revoked the aforementioned durable power of attorney on January 17, 1992. Ms. Cade died on February 28, 1994.

Respondent filed an answer to the petition alleging that the durable power of attorney was invalid on the alternative grounds that: (1) Ms. Cade's signature was forged, or (2) Ms. Cade lacked the requisite mental capacity to execute the document. Petitioner filed a reply to respondent's answer asserting that there is no evidence that Ms. Cade's signature on the durable power of attorney is a forgery.

Petitioner subsequently filed a motion for partial summary judgment accompanied by supporting exhibits. Petitioner first contends that the record shows that Ms. Cade's signature on the durable power of attorney was notarized by a Texas notary public and that two witnesses were present when Ms. Cade signed the document. Accordingly, petitioner maintains that he is entitled to partial summary judgment that Ms. Cade's signature on the durable power of attorney was not forged. In addition,

petitioner contends that an affidavit signed by one of the witnesses (the notary's wife) establishes that Ms. Cade "knowingly and with full mental capabilities signed the durable power of attorney". Thus, petitioner contends that he is entitled to partial summary judgment that Ms. Cade had the requisite mental capacity to execute the durable power of attorney.

Respondent filed an objection to petitioner's motion accompanied by supporting exhibits. Respondent maintains that material issues of fact remain in dispute regarding the authenticity of Ms. Cade's signature on the durable power of attorney and whether Ms. Cade had the requisite mental capacity to execute the document. In particular, respondent relies on evidence that, prior to her death, Ms. Cade filed a petition in State court seeking a temporary restraining order against petitioner and executed a sworn statement that she did not sign the durable power of attorney. Respondent also relies on the opinion of a forensic examiner who examined the durable power of attorney and concluded that Ms. Cade did not sign the document. Finally, assuming for the sake of argument that Ms. Cade did execute the durable power of attorney, respondent contends that material issues of fact remain in dispute regarding Ms. Cade's mental capacity to execute the document inasmuch as she executed

the durable power of attorney while hospitalized after experiencing hallucinations.

This matter was set for hearing at the Court's motions session in Washington, D.C. Prior to the hearing, petitioner filed a Rule 50(c) statement asserting that respondent is barred from assessing or collecting any deficiencies attributable to the gifts that petitioner purportedly received pursuant to Ms. Cade's durable power of attorney because the 4-year period of limitations under Texas Civ. Prac. & Rem. Code Ann. sec. 16.051 (West 1997), which allegedly governs challenges to the validity of a durable power of attorney, expired prior to the issuance of the notice of deficiency. Counsel for both parties appeared at the hearing and presented oral argument on the pending motion. During the hearing, counsel for respondent argued that the applicable statute of limitations in this case is set forth in section 6501(a).[3] Both parties filed post-hearing memoranda with the Court.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See <u>Florida Peach Corp.</u>

---

[3] Rule 39 states in pertinent part: "A party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including * * * the statute of limitations." Although petitioner has not properly pled the statute of limitations, we nonetheless deem the matter to be at issue.

v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  The party opposing the motion cannot rest upon the allegations or denials in the pleadings, but must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).  The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Marshall v. Commissioner, 85 T.C. 267, 271 (1985).

Petitioner's motion for partial summary judgment and supporting documents present two issues for decision.  The first issue is whether respondent is barred from challenging the validity of Ms. Cade's durable power of attorney by the Texas 4-year statute of limitations relied upon by petitioner.  If we conclude that respondent is not barred from proceeding in this case, we must consider whether respondent has demonstrated that material issues of fact remain in dispute regarding the validity of the durable power of attorney.  We address these two issues in turn.

Statute of Limitations

The parties' dispute regarding the applicable statute of limitations poses a classic conflict of laws problem. Texas Civ. Prac. & Rem. Code Ann. sec. 16.051 (West 1997), provides: "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." Petitioner contends that the underlying cause of action, i.e., the validity of the durable power of attorney, accrued on or about January 17, 1992--the date Ms. Cade revoked the durable power of attorney--and that the notice of deficiency in this case was issued well over 4 years after that date. Petitioner maintains that respondent should not be permitted to challenge the validity of the durable power of attorney in this case where the validity of the durable power of attorney is no longer subject to challenge under State law.

Respondent counters that the notice of deficiency in this case was issued to petitioner in compliance with the statute of limitations set forth in the Internal Revenue Code. Section 6501(a) provides in pertinent part:

> SEC. 6501(a). General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *.

Because petitioner did not file his tax returns for the years in issue until October 18, 1995, respondent maintains that the notice of deficiency, mailed July 9, 1998, was timely issued.

We have little difficulty concluding that the Federal statute of limitations set forth in section 6501(a) overrides the State statute cited by petitioner. Our holding on this point finds support in both constitutional principles and Federal policy considerations.

We begin our analysis with the so-called Supremacy Clause contained in the U.S. Constitution, art. VI, cl. 2. The Supremacy Clause states: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof * * *, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Consistent with this constitutional principle, "it is well established that federal claims are subject to state statutes of limitations unless there is a federal statute of limitations or a conflict with federal policy." South Carolina v. Catawba Indian Tribe, Inc., 476 U.S. 498, 507 (1986). Further, where Congress "explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946); see Teamsters Pension Trust

Fund v. H.F. Johnson, Inc., 830 F.2d 1009, 1016-1017 (9th Cir. 1987).

The Supreme Court has held that the United States is not bound by State statutes of limitation in enforcing its rights. For instance, in United States v. Summerlin, 310 U.S. 414 (1940), the Supreme Court held that the United States' claim against the estate of a deceased could not be extinguished under a State law imposing an 8-month time limit on filing claims against the estate. See Bresson v. Commissioner, 111 T.C. 172 (1998). Similarly, the Supreme Court has recognized that Federal statutes of limitation override conflicting State laws. For example, in Herget v. Central Bank Co., 324 U.S. 4 (1945), the Supreme Court held that a trustee in bankruptcy was precluded from attempting to set aside and recover a preferential transfer by virtue of the 2-year statute of limitations applicable under Federal law, i.e., the Bankruptcy Code, in spite of the trustee's argument that State law allowed a 5-year period of limitations for such actions. Consistent with these cases, we hold that the 3-year statute of limitations set forth in section 6501(a) is controlling in this case.

Our holding on this point is based on sound policy considerations. The various statutes of limitation that Congress has enacted under the Internal Revenue Code, and particularly section 6501, are essential to our nation's tax system which is

based on self-assessment and serve "to ensure that passage of time will not prevent collection of the tax unless the Government has been informed by the taxpayer that there is, or might be, tax liability". Lucia v. United States, 474 F.2d 565, 570 (5th Cir. 1973); see Bresson v. Commissioner, supra at 189 ("Federal revenue law requires national application that is not displaced by variations in State law").

Petitioner's post-hearing memorandum includes an alternative allegation that the Texas statute of limitations is controlling in this case on the ground that the validity of the disputed power of attorney affects property rights and obligations between petitioner and Ms. Cade. Petitioner fails to cite any direct authority in support of this argument.

We are not persuaded that the disputed power of attorney vested petitioner with any cognizable property rights. Notably, the power of attorney did not expressly authorize petitioner to make gifts on Ms. Cade's behalf, nor did it provide for the transfer of ownership of any specific property to petitioner. See Patch v. Commissioner, T.C. Memo. 1980-11. The power of attorney, on its face, merely creates an agency relationship between petitioner and Ms. Cade. See id.

Petitioner filed his tax returns for the years in issue on October 18, 1995. Consistent with the preceding discussion, we hold that respondent had 3 years from that date to issue a notice

of deficiency to petitioner pursuant to section 6501(a). The notice of deficiency in this case was timely mailed to petitioner on July 9, 1998.

Material Issues of Fact

Petitioner maintains that we should grant his motion for partial summary judgment on the ground that respondent has failed to show that material issues of fact remain in dispute. We disagree.

Petitioner asserts that respondent is obliged to present evidence that is "clear, cogent, and convincing beyond any reasonable controversy" that Ms. Cade either did not execute the durable power of attorney or that she lacked the requisite mental capacity to execute the document. Contrary to petitioner's position, respondent is obliged to present "significant probative evidence" showing that there is a genuine issue for trial. State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116, 118 (5th Cir. 1990); see Rule 121(d). As the moving party, petitioner bears the ultimate burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to respondent.

Based upon our review of the record, and drawing inferences in a manner most favorable to respondent, we conclude that material facts remain in dispute. In particular, respondent has presented probative evidence (including statements that Ms. Cade

made prior to her death and the report of a forensic document examiner) that Ms. Cade's signature on the durable power of attorney may have been forged.  Further, respondent presented probative evidence (including physician notes and reports) that Ms. Cade may have lacked the requisite mental capacity to execute a power of attorney on the date in question.  Accordingly, we shall deny petitioner's motion for partial summary judgment.

    To reflect the foregoing,

<u>An order will be issued denying petitioner's motion for partial summary judgment</u>.