STEPHEN CALLAGHAN et al., as Trustees of THE PRUDENCE COMPANY, INC., Plaintiffs, v. FRANK BAILEY et al., Defendants.*

Supreme Court, Special Term, New York County, September 16, 1942.

---

* Affd. 266 App. Div. 915.

674

*Wagner, Quillinan, Wagner & Tennant* for plaintiffs.

*Holthusen & Pinkham* for Bailey et al., defendants.

*Clarence G. Bernheimer* for Bing et al., defendants.

*Morgan & Lockwood* for Hadden et al., as executors, defendants.

*Appleton, Rice & Perrin* for Jones, defendant.

*Beekman, Bogue, Stephens & Black* for Stuart, defendant.

*Van Vorst, Siegel & Smith* for Delafield et al., as executors, and Paul M. Rosenthal et al., defendants.

*Sayers Bros.* for Day, defendant.

HECHT, J. Defendants move to dismiss the complaint under rules 112 and 113 of the Rules of Civil Practice. Plaintiff William T. Cowin is the sole remaining trustee of The Prudence Company, Inc., appointed on February 1, 1935, by the United States District Court for the Eastern District of New York at the commencement of a reorganization proceeding pursuant to section 77B of the Bankruptcy Act. (See U. S. Code, tit. 11, § 207.) The defendants were directors or are the representatives of estates of deceased directors of The Prudence Company.

The action was commenced not earlier than October 27, 1937, when the summons and complaint were served upon one of the defendants.

The complaint contains twenty causes of action. The first eighteen are to recover damages measured by dividends declared and paid by The Prudence Company during the years 1928 to 1932, allegedly in violation of section 58 of the Stock Corporation Law; that is, when the capital of The Prudence Company was impaired.

Defendants assert that the action is barred by the three-year Statute of Limitations, as provided for by section 49 of the Civil Practice Act. This section, so far as pertinent here, provides:

" Actions to be commenced within three years. The following actions must be commenced within three years after the cause of action has accrued:  *  *  *

" 4. An action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created." The pertinent dates in so far as this motion is concerned are:  (1) The election as directors on March 30, 1932, of Francis T. Pender and Frank Fox; (2) the institution of a bondholders' representative action by Julia Regan on September 24, 1934; (3) the action of the Superintendent of Banks in taking possession of The Prudence Company on September 29, 1934, pursuant to section 57 (now § 606) of the Banking Law; (4) the appointment of the trustee plaintiff herein on February 1, 1935, and (5) the institution of this action on October 27, 1937.

Section 58 of the Stock Corporation Law creates a cause of action in favor of a corporation and its creditors against directors of the corporation who shall have made any improper distribution of its assets. The trustee herein commenced this suit on October 27, 1937. He primarily represents the creditors, and their rights are paramount to any that the corporation or a stockholder in a derivative action may have. (*Stephan* v. *Merchants Collateral Corp.*, 256 N. Y. 418.)  A trustee is in the position of a judgment creditor with execution returned unsatisfied (Bankruptcy Act, § 70, subd. [c]; U. S. Code, tit. 11, § 110, subd. [c]), and the Statute of Limitations on the causes of action pleaded in the complaint did not start to run against him until he was appointed. (*Hastings* v. *Byllesby & Co.*, 38 N. Y. S. 2d 201 ; *Rosencranz* v. *Doran*, 264 App. Div. 335; *Buttles* v.

*Smith*, 281 N. Y. 226). Even assuming that the commencement of the Regan action constituted " discovery " under Civil Practice Act, section 49, subdivision 4, which could bind the trustee, our courts have held that as to actions not barred at the time of the appointment of the trustee, as is the case here, the State Statute of Limitations is superseded by the two-year period provided for actions by or against trustees by section 11, subdivision (d), of the Bankruptcy Act (U. S. Code, tit. 11, § 29, subd. [d]). (*Oppenheimer* v. *Roberts,* 175 App. Div. 424; *Devoy* v. *Superior Fire Ins. Co.,* 239 App. Div. 28.)

Defendants contend that, in any event, " discovery " must be imputable to creditors as a class, and hence to the plaintiff trustee, as of September 29, 1934, more than three years prior to the commencement of this action, on which date, it is conceded, the State Superintendent of Banks took possession of The Prudence Company pursuant to section 57 (now § 606) of the Banking Law. It cannot be held, however, as a matter of law, that this date started the running of the Statute of Limitations. Assuming that the question of " discovery " by the Superintendent of Banks is material in so far as it affects the rights of plaintiff, it is of no moment under our view of the law, as indicated above, because here too the State Statute of Limitations would be superseded by the two-year Bankruptcy statute.

A third reason advanced by defendants to support their claim that this action is barred is that on March 30, 1932, Francis T. Pender and Frank Fox were elected directors of The Prudence Company. Defendants argue that, admitting knowledge of unlawful acts by a director who was a party thereto is not imputable to the corporation he served, a different rule obtains with respect to directors elected subsequent to the commission of the alleged improper acts. Therefore, knowledge acquired by Pender and Fox was chargeable to the corporation and sufficient to start the Statute of Limitations running in 1932.

Plaintiff, in answer to this claim, asserts that records in his possession indicate that, prior to their election as directors, Pender and Fox were treasurer and vice-president, respectively, of The Prudence Company, and as such directly participated in commission of the acts complained of. If this be true, they were, upon their election as directors, in no better position than the other directors and their knowledge of improper conduct could not be charged to the corporation. Assuming, however, that it could be so charged, it would, in no event, be

binding upon the plaintiff trustee as the representative of the creditors of the corporation.

Motion by defendants to dismiss the complaint denied.

Considering the cross-motion for consolidation, an examination of the complaints in the two actions in which consolidation is sought indicates that both are based on the alleged improper payment of dividends and wrongful transfer of assets made by defendants as directors of The Prudence Company at a time when the capital of the company was impaired. Except for slight immaterial differences, the two causes present the same questions of law and fact. The common question, whether there was an impairment of capital at the time the dividends were declared and paid, involves the determination whether at the time of said payments the assets back of the guaranties of $180,000,000 had a value equal to that amount. This undoubtedly will involve a long and expensive trial. Plaintiffs, in each case, have asked for the consolidation. It is difficult to see what substantial rights of defendants will be prejudiced by granting it.

Motion is granted, without prejudice however to (1) the right of defendants in the Regan action to prosecute their pending appeal, and (2) any defense in any answer in the Callaghan action or any motion therein which could properly be brought. It is further provided that the consolidated case shall not be brought on for trial until the appeal now pending in the Regan case has been determined; conditioned, however, upon defendants' diligently prosecuting said appeal. Settle order.