STEPHEN CALLAGHAN et al., as Trustees of The Prudence Company, Inc., Respondents, *v.* FRANK BAILEY et al., Defendants, and RAYMOND E. JONES et al., Defendants-Appellants.

Argued February 29, 1944; decided October 12, 1944.

*John A. Kelly, Edward K. Hanlon* and *John Windsor* for appellants. I. The three-year Statute of Limitations in Civil Practice Act, section 49, subdivision 4, has not been superseded by the two-year provision in the Bankruptcy Act [U. S. Code, tit. 11, § 29, subd. (d)]. (*Nairn* v. *McCarthy,* 120 F. 2d 910; *Charlesworth* v. *Hipsh, Inc.,* 84 F. 2d 834, 299 U. S. 594; *Davis* v. *Willey,* 273 F. 397; *Meikle* v. *Drain,* 69 F. 2d 290; *Silverman* v. *Christian,* 198 A. 832; *Bovay* v. *H. M. Byllesley & Co.,* 29 A. 2d 801; *Dushane* v. *Beall,* 161 U. S. 513; *Hammond* v. *Whittredge,* 204 U. S. 538.) II. The trustees in bankruptcy did not succeed to any choses in action in favor of creditors granted by section 58 of the Stock Corporation Law or section 60 of the General Corporation Law. (*Assets Realization Co.* v. *Howard,* 211 N. Y. 430; *Granger & Co.* v. *Allen,* 214 App. Div. 367, 244 N. Y. 587; *Harrigan* v. *Bergdoll,* 270 U. S. 560; *Selig* v. *Hamilton,* 234 U. S. 652; *Firestone Tire & Rubber Co.* v. *Agnew,* 194 N. Y. 165.)

*Harold Harper, Joseph Nemerov, Arthur R. Gaetjens* and *Joseph L. Delaney* for respondents. I. The causes of action set out in the complaint were preserved from the bar of the State Statute of Limitations (Civ. Prac. Act, § 49, subd. 4) by subdivision d of section 11 of the Bankruptcy Act. The New York statute had not run at the time the bankruptcy proceeding was begun. II. The State statute was superseded by the Bankruptcy Act with respect to causes of action not barred at the time of the filing of the petition. (*Hastings* v. *Byllesby & Co.,* 265 App. Div. 653; *Devoy* v. *Superior Fire Insurance Co.,* 239 App. Div. 28; *Oppenheimer* v. *Roberts,* 175 App. Div. 424; *Fuller* v. *Rock,* 125 Ohio St. 36; *Schreck* v. *Hanlon,* 66 Neb. 451; *Jenkins* v. *International Bank,* 106 U. S. 571; *Avery* v.

*Cleary,* 132 U. S. 604; *Andrews* v. *Dole,* Fed. Cas. No. 373; *Gifford* v. *Helms,* 98 U. S. 248; *Freelander* v. *Holloman,* Fed. Cas. No. 5081.)

LEHMAN, Ch. J. The plaintiffs, as trustees in bankruptcy of the Prudence Company, Inc., have brought an action against the directors of the debtor corporation to recover moneys of the corporation which, it is alleged, were paid to stockholders in violation of section 58 of the Stock Corporation Law, while the capital of the corporation was impaired; and to recover moneys of the corporation which, it is alleged, were illegally transferred in violation of section 60 of the General Corporation Law. The defendant directors pleaded as a defense that all the causes of action contained in the complaint are barred by the Statute of Limitations. A motion made by the defendants, pursuant to rule 113 of the Rules of Civil Practice, for judgment in their favor on that ground was denied and the order denying the motion was unanimously affirmed by the Appellate Division which granted leave to appeal and certified the following questions:

"1. Did the provision in the Bankruptcy Act (11 U. S. C. A., Sec. 29 [d]) prior to its amendment on June 22, 1938 supersede or suspend Section 49, subdivision 4, of the Civil Practice Act with respect to the causes of action pleaded in the complaint herein?

" 2. Are the causes of action set out in the complaint barred by the Statute of Limitations (Civil Practice Act, Section 49, subd. 4), where the action was brought not earlier than October 27, 1937 by trustees appointed under Section 77B of the Bankruptcy Act, a prior action having been begun on September 24, 1934 by holders of bonds and certificates guaranteed by such corporation against such corporation and some of the defendants involved in the case at bar and in respect of the same matters involved in the causes of action one to eighteen inclusive of the complaint herein, and the Superintendent of Banks of the State of New York having taken possession of such corporation pursuant to then Section 57 (now Section 606) of the Banking Law on September 29, 1934, and the said trustees in bankruptcy having been appointed such trustees on February 1, 1935?

"3. Should the defendants' motion under Rule 113 of the Rules of Civil Practice for summary judgment have been granted?"

The Civil Practice Act provides that a three-year period of limitation applies to "an action against a director * * * of a moneyed corporation * * * to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which * * * the liability was created" (§ 49, subd. 4). On September 24, 1934, an action was begun against some of the defendant directors by holders of bonds or certificates guaranteed by the debtor corporation. The complaint in that action alleged substantially the same facts as are now alleged by the trustee in bankruptcy as the basis of the first eighteen causes of action of their complaint. The Superintendent of Banks of the State of New York took possession of the corporation on September 29, 1934, pursuant to the provisions of section 57 (now § 606) of the Banking Law. In February, 1935, temporary trustees were appointed in bankruptcy proceedings brought under section 77B of the Bankruptcy Act (48 U. S. Stat. 912) and their appointment was made permanent in March, 1935. They commenced this action in October, 1937.

Though the defendant directors are charged in the complaint with derelictions committed more than three years before the bankruptcy proceedings were commenced and the trustees in bankruptcy appointed, all parties assumed, for the purposes of the defendants' motion for judgment, that the alleged facts upon which the liability of the defendants is based were discovered in September, 1934, when the earlier action was brought by creditors of the corporation and when the Superintendent of Banks took possession of the corporation and that the plaintiffs' causes of action should be deemed to have accrued at that time. Upon that assumption, concededly, none of the causes of action pleaded in the complaint was barred by the Statute of Limitations when the trustees in bankruptcy were appointed but the defendants contend that all the causes of action were barred in 1937, when the trustees brought this action.

At the time when the bankruptcy proceedings were commenced and at the time when this action was brought, the Bankruptcy

Act [U. S. Code, tit. 11, § 29, subd. (d)] provided that "suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." The question is here presented whether this provision applies to causes of action " created by common law or by a statute " of New York and supersedes the Statute of Limitations of the State. There has been diversity of opinion both in State courts and in the Circuit Courts of the United States in regard to the scope of this provision of the Bankruptcy Act. Some courts have held that the statute applies only to actions by or against a trustee which arise under the Bankruptcy Act and have held, too, that the provision of the Bankruptcy Act constitutes only an *additional* Statute of Limitations barring actions brought by or against a trustee subsequent to two years after the estate is closed, though such actions brought by or against a different party would not be barred by any other statute. These courts have rejected the contention that the provision of the Bankruptcy Act constitutes a *superseding* Statute of Limitations sanctioning suits by or against a trustee brought within the specified period though before a suit is commenced the period during which a similar suit might be brought against other parties may have expired. The Supreme Court of the United States has not authoritatively decided the question, nor has it been directly presented to this court or decided by it. We are persuaded, however, that this provision was intended to constitute a *superseding* Statute of Limitations fixing the period during which an action — not barred by any statute at the time the trustee in bankruptcy was appointed — may be brought by or against a trustee and the weight of authority in State and Federal courts seems to support that conclusion.

The construction given by the courts to analogous provisions in earlier Bankruptcy Acts casts light upon the purpose of Congress when it enacted the Bankruptcy Act of 1898. These earlier acts provide, it is true, a different period of limitation and are formulated in other language. All provide, however, a period after which an action may *not* be brought. None provide affirmatively that an action *may* be brought within the period there specified and none provide in express terms that the limitation should apply to causes of action created by the common law or by statute and existing at the time bankruptcy

proceedings are commenced, as well as to causes of action created by and arising under the Bankruptcy Act. Nevertheless the Supreme Court of the United States has said that the limitation contained in an earlier statute " applies to all judicial contests between the assignee and other persons touching the property or rights of property of the bankrupt transferable to or vested in the assignee * * *." (*Bailey* v. *Glover*, 21 Wall. [88 U. S.] 342, 346.) In *Jenkins* v. *International Bank* (106 U. S. 571), and *Avery* v. *Cleary* (132 U. S. 604), the court again so held. It is said that these decisions have been overruled by the later case of *Dushane* v. *Beall* (161 U. S. 513), applied and followed in *Hammond* v. *Whittredge* (204 U. S. 538.) We do not so read these cases. They do not overrule or even cast doubt upon the earlier decision. (See *Bowen* v. *Delaware, L. & W. R. R. Co.*, 153 N. Y. 476.) We find that under the established construction placed by the courts upon the analogous provisions of the earlier statutes they superseded other general statutory limitations and applied to actions of every nature brought by or against an assignee in bankruptcy in any court. Any action which the debtor could have brought prior to the date when the debtor's property, including causes of action belonging to him, was placed in the custody of the bankruptcy court, could be brought thereafter by an appointed officer of that court until the expiration of the period limited by the Bankruptcy Act, though in the interval the period limited by general statute might have expired.

If Congress had intended that the provision of the Bankruptcy Act of 1898, limiting the time when suits might be brought by or against a trustee of a bankrupt estate, should apply within a more restricted field than the analogous provisions of the earlier acts, it could without difficulty have formulated its intention in express terms. We think that its omission of any clear expression of such intention is significant. We find in the statute no language which indicates that the statutory limitation in the Bankruptcy Act of 1898 should not be applied to all causes of action to which the statutory limitations in earlier statutes would have applied; — though, as we have said, there is difference of opinion on that point and courts whose opinions we respect have decided otherwise. Thus, in *Nairn* v. *McCarthy*

(7th Circuit, 120 F. 2d 910, 912), the court said that: " As we read the provision, however, it does not grant an extension of time, but is a prohibition against the institution of actions either by or against the trustee subsequent to the designated time." Accordingly, the court held that a cause of action created by the law of a State which passed to the trustee in bankruptcy before it was barred by the Statute of Limitations of the State must be commenced within the time specified in that statute.

The court in that case cited the opinion in *Charlesworth* v. *Hipsh, Inc.* (8th Circuit, 84 F. 2d 834, at p. 837), that: " Time in which the trustee may sue cannot be extended by a provision in the Bankruptcy Act which purports only to limit the time within which a suit may be brought by or against him." In considering whether " time in which the trustee may sue cannot be extended " by the provisions of the Bankruptcy Act which purport to limit the time in which a suit may be brought by or against a trustee, a distinction should be drawn between a limitation on the time in which suit may be brought under a general Statute of Limitations and a limitation contained in the statute creating the liability and which by the statute is made a condition of liability. (See *Graybar Elec. Co.* v. *New Amsterdam Cas. Co.*, opinion of LOUGHRAN, J., 292 N. Y. 246.) In *Charlesworth* v. *Hipsh, Inc.* (*supra*), the statute which created the liability annexed a condition that suit must be brought within a specified time and it may well be doubted whether a bankruptcy act could by any provision authorize a trustee to disregard the condition. A very different question is presented where, as here, the only limitation upon the time in which the debtor might have brought the action was contained in the general Statute of Limitations of the Civil Practice Act. In such case this court has held that the analogous provisions of an earlier statute did supersede the Statute of Limitations of the State and extended the time in which the trustee might bring suit. *(Von Sachs* v. *Kretz,* 72 N. Y. 549; see *Devoy* v. *Superior Fire Insurance Co.,* 239 App. Div. 28, and cases there cited.) Whether the Bankruptcy Act of 1898 has the same effect is a question of construction of the statute, not of the power of Congress. The case of *Harrigan* v. *Bergdoll* (270 U. S. 560), is not authority in favor of the defendants. The question presented here was not argued or decided in that

case. (See *Isaacs* v. *Neece*, 5th Circuit, 75 F. 2d 566.) Perhaps the reason why that question was not argued is that the statute of Pennsylvania, referred to in the opinion in that case, is not a pure Statute of Limitations but created a limitation which qualified the right. (See *Eiffert* v. *Central Pennsylvania Brewing Co.*, 141 Penn. Super. Ct. 543, at 553.) Since the Supreme Court of the United States has not construed the statute, we must choose between conflicting decisions in the Circuit Courts of Appeals.

We apply the statute as written without reading any limitation into it by implication. We conclude that it is a Statute of Limitations applicable to causes of action existing under the law of the State of New York to which title passed from the bankrupt debtor to the trustee. (*Isaacs* v. *Neece, supra; Devoy* v. *Superior Fire Insurance Co., supra; Hansen* v. *California Bank,* 17 Cal. App. 2d 80, at p. 97.) In *Stephan* v. *Merchants Collateral Corp.* (256 N. Y. 418), we assumed, though we did not decide, that the provisions of the statute applied to " a claim against directors of a bankrupt corporation for damages due to their misconduct". We so decide now. In view of this conclusion, the question is academic whether the action would have been barred by the Civil Practice Act if the Bankruptcy Act had not superseded the statutory limitation created by the law of the State.

The order should be affirmed, with costs. The first question certified should be answered in the affirmative and the third question certified in the negative. The second question certified is not answered.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed, etc.