Edmund S. PURVES, Trustee in Bankruptcy of C.I.H., Inc., f/k/a Hurok Concerts, Inc., Plaintiff,

v.

ICM ARTISTS, LTD., Sheldon Gold, Marine Midland Bank, American Management Corporation, Goldman, Del Rossi & Co., Inc., Maynard Goldman and Paul Del Rossi, Defendants.

No. 84 Civ. 4703 (CES).

United States District Court,
S.D. New York.

June 29, 1990.

Wisehart & Koch by Arthur M. Wisehart, New York City, for plaintiff.

Lunney & Crocco by J. Robert Lunney, New York City, for Goldman and Del Rossi.

## MEMORANDUM DECISION

STEWART, District Judge:

On December 6, 1989, upon the conclusion of plaintiff's case-in-chief in a nonjury trial before this court, this court granted the motion (the "December 6th Decision") of defendants Goldman, Del Rossi & Co., Maynard Goldman, and Paul Del Rossi (collectively "Goldman and Del Rossi") for dismissal of the above-captioned action pursuant to Fed.R.Civ.P. 41(b).[1] In the December 6th Decision we found that all of plaintiff's proof at trial had been offered before against these defendants and rejected on the merits in an action brought previously in state court in *Purves v. General Electric Co.*, N.Y.L.J., April 25, 1985, p. 7, col. 3 (N.Y.Sup.Ct.), *aff'd*, 119 A.D.2d 511, 501 N.Y.S.2d 600 (1st Dept.1986) (the "state court action"), or could have been litigated by the plaintiff in the state court action.[2] December 6th Decision at 7. Accordingly, we held that the action was barred by the doctrines of *res judicata* and collateral estoppel.

Plaintiff now moves for an order amending and vacating the dismissal of plaintiff's claims and for this court to make additional findings pursuant to Fed.R.Civ.P. 52(b) and 59(e).[3] Essentially, plaintiff seeks to amend and vacate the dismissal of claims regarding:

1. the releases of liability of Goldman and Del Rossi in the transactions of February 10, 1977 not specifically addressed in the December 6th Decision;[4]

2. payments of $10,000 which Goldman and Del Rossi received from the transactions of February 10, 1977 also not specifically addressed in the December 6th Decision;

3. the unpaid loan of $10,000 from Hurok to defendant Goldman;

1. We will use the shortened references to parties and entities as articulated in the December 6th Decision.

2. In the December 6th Decision we also concluded that our earlier characterization of the state court litigation as not involving activity on the part of defendants while Hurok was under their control was incorrect. The activity of defendants to which the state court judgment was addressed could only have taken place under Goldman and Del Rossi's directorship.

3. Fed.R.Civ.P. 52(b) reads in relevant part:
Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in district court an objection to such findings or has made a motion to amend them or a motion for judgment.
Fed.R.Civ.P. 59(e) reads:
A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

4. On February 10, 1977 Hurok Concerts, AMC, Goldman, Del Rossi, Marine Midland Bank, and ICM Artists, Ltd. entered into an agreement to transfer Hurok assets to ICM subject to Marine Midland Bank's security interest.

4. consulting fees paid by Hurok to Goldman and Del Rossi amounting to approximately $162,000.

Defendants cross-move for sanctions pursuant to Fed.R.Civ.P. 11.[5] While we agree with plaintiff that *res judicata* does not bar the February 10, 1977 transactions of Goldman and Del Rossi, the actions is nevertheless barred by the applicable statute of limitations.

Because this action has been the subject of several decisions and orders we will not reiterate the factual background in detail. Familiarity with the relevant facts is assumed. However, we will recite the background necessary and relevant to the instant motions.

In the state court action, plaintiff litigated claims involving these defendants' alleged participation with GE in a conspiracy to defraud Hurok's creditors, fraudulent misrepresentations made to Hurok employees, and fraudulent conveyances from Hurok to AMC. These claims were dismissed by the state court.

In our December 6th Decision we concluded that the facts related to plaintiff's federal action were essentially the same as those constituting his state court action—Goldman and Del Rossi's alleged fraud to strip Hurok of its assets to the detriment of its creditors and their fraudulent behavior toward employees and creditors. In particular, we stated in our December 6th Decision plaintiff's evidence of defendants' allegedly fraudulent statements to various employees and individuals about Hurok's future and transfers of approximately $175,000 of Hurok funds to AMC were issues that were previously litigated in the

state court. We also held that although causes of action alleging $162,000 in improper consulting fees paid to Goldman and Del Rossi while Hurok was under their directorship were not brought in the state court action, in our view they could have been litigated as well. December 6th Decision at 8.

Plaintiff's instant sixth cause of action alleged two improper payments of approximately $162,000 and $175,000 made to entities controlled by Goldman and Del Rossi. In our December 6th Decision we found that the alleged improper payment of $175,000 was litigated in state court. December 6th Decision at 5–6. Moreover, it is our view that the $162,000 in fees, along with the $10,000 Goldman loan were predicate facts upon which plaintiff asserted his state court fraud claims because these transactions allegedly showed "A.M.C. was not a real purchaser, G.E. was not a real seller, and [the purchase of Hurok by Goldman and Del Rossi from GE] was not a real sale. All that the parties were interested in doing was stripping the assets of Hurok." Defendants' Exhibit B (Plaintiff's state court "Affidavit of Issues in Dispute") at 93.

■ Under New York law once a claim is brought to a final conclusion, all claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy. *O'Brien v. Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (N.Y.Ct.App.1981). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected

5. Fed.R.Civ.P. 11 reads in relevant part:
   Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

series of transaction is at issue, whether the same evidence is needed to support both claims, and whether, the facts essential to the second were present in the first." *See Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811, 816 (2d Cir. 1990) (quoting *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)). Determinations as to what constitutes a "transaction" are to be made pragmatically, giving consideration to whether the facts are related in "time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations...." *Reilly v. Reid*, 45 N.Y.2d 24, 29, 407 N.Y.S.2d 645, 648, 379 N.E.2d 172, 176 (N.Y.Ct.App.1978). This is in accord with the policy behind the doctrine of *res judicata* which is to protect adversaries from the expense and vexation of multiple lawsuits, conserve judicial resources and minimize the possibility of inconsistent decisions. *See Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979).

In our view, the same facts, evidence and connected series of transactions surrounding the plaintiff's state court claims of fraudulent transfers made by Goldman and Del Rossi from Hurok funds when Hurok was insolvent and which allegedly were made to strip Hurok of its assets, are necessary to support claims involving the consulting fees. Accordingly, we continue to believe that pursuant to New York's "transactional approach" to *res judicata* plaintiff's claim involving allegations of improper consulting fees paid to Goldman and Del Rossi is barred. Consistent with that reasoning, it is also our view that plaintiff's claims involving the $10,000 loan to Goldman are based on the same essential facts as their state court action against these defendants—the attempt by Goldman Del Rossi and GE to strip Hurok of its assets and defraud its creditors prior to the sale of Hurok to ICM. Furthermore, even if the claims were not barred by *res judicata*, as we discuss *infra*, they would be barred by the statute of limitations.

We turn now to the transactions of February 10, 1977 in which defendants received a $10,000 payment and, in addition, were released as personal guarantors on the Marine Midland Bank loan to Hurok Concerts. We note at the outset that defendants do not address the transactions of February 10, 1977 in their papers opposing the instant motion nor do defendants specifically contest plaintiff's arguments relating to them.

We agree with plaintiff that the state court action involved a set of facts separate from the transactions of February 10, 1977. The state court action involved facts surrounding the 1975 sale of Hurok by GE to Goldman and Del Rossi and their alleged fraudulent behavior subsequent to that sale and prior to the sale of Hurok by defendants to ICM. Allegations of improper behavior by Goldman and Del Rossi in the state complaint extend approximately until late December of 1976. Therefore, upon reconsideration we conclude that plaintiff's second claim for relief alleging violations of BCL § 717 involving the February 10, 1977 transactions is not barred by either collateral estoppel or *res judicata*.[6] However, the BCL claims are barred by the statute of limitations.

*Statute of Limitations*

Since defendant's cross-motion papers aver that the remaining claims are time-barred and we did not pass on this issue in the December 6th Decision, we take this opportunity to consider this issue and correct several errors which we committed in our summary judgment decision of December 21, 1988 (the "Summary Judgment Decision").

The Summary Judgment Decision, *inter alia*, dismissed several causes of action against Goldman and Del Rossi. Although we remarked at the time that it was difficult to discern exactly what plaintiff's causes of action were, we construed the remaining causes of action against Goldman and Del Rossi as (1) a cause of action pursuant to New York Business Corporation Law ("BCL") § 717 for breach of fidu-

---

**6.** For this reason, we deny defendants' Rule 11 motion.

ciary duty, (2) a cause of action for common law fraud, and (3) a cause of action for waste of corporate assets pursuant to BCL §§ 719 and 720.

■ We stated in our Summary Judgment Decision that the statute of limitations for the BCL § 717 cause of action was six years. *See Saylor v. Lindsley,* 302 F.Supp. 1174, 1180 (S.D.N.Y.1969). We also stated that the statute of limitations for the waste of corporate assets pursuant to BCL §§ 719 and 720 was three years. *See Callaghan v. Bailey,* 179 Misc. 673, 675, 38 N.Y.S.2d 203 (N.Y.Sup.Ct.1942), *aff'd,* 266 A.D. 915, 43 N.Y.S.2d 516 (1st Dep't 1943), *aff'd,* 293 N.Y. 396, 57 N.E.2d 729 (1944) (Section 58 of Stock Corporation Law, the predecessor to BCL § 719, has three year statute of limitations); *see also Saylor,* 302 F.Supp. at 1180, n. 11 (three year limitation period for waste of corporate assets); *Buchman v. American Foam Rubber Corp.,* 250 F.Supp. 60, 71, n. 34 (S.D.N.Y.1965) (limitations period of Civil Practice Act ("CPA") § 49(7), now New York Civil Practice Law and Rules ("CPLR") § 214, of three years barred trustee's claim of waste); *cf. Atlanta Shipping Corp. v. Chemical Bank,* 631 F.Supp. 335, 350 (S.D.N.Y.1986) (court assumed for purposes of motion that three year statute of limitations was applicable to BCL § 720), *aff'd,* 818 F.2d 240 (2d Cir.1987).

Upon reconsideration, we now are of the view that all the BCL claims, including the BCL § 717 claim, brought by the trustee are governed by CPLR § 214(2) which states that an action to recover upon a liability imposed by statute shall be commenced within three years except as provided in CPLR § 213.

We believe that CPLR § 213 does not apply to the trustee's BCL § 717 claim. CPLR § 213(7) in relevant part provides that the limitations period for an action by or on behalf of a corporation against a former director to recover damages for waste is six years. However, the Practice Commentaries to CPLR § 213 explicitly state that § 213(7) is a composite of the CPA sections dealing with *shareholder derivative actions* and is applicable to derivative actions. Practice Commentaries to CPLR § 213 at 450 (emphasis added). Therefore, it is our view that CPLR § 213(7) applies to shareholder derivative suits and does not apply to claims against directors brought by a trustee in bankruptcy.

Claims brought by a bankruptcy trustee against directors are allowed pursuant to BCL § 720(b).[7] As this is a liability imposed by statute and not contemplated by the provisions of CPLR § 213(7), we now hold that the three-year statute of limitations period mandated by CPLR § 214(2) governs the trustee's claims brought pursuant to BCL §§ 717, 719, and 720.

■ In addition, we correct our previous erroneous holding that a bankruptcy trustee is entitled to a revival of the full state limitations period upon appointment. Summary Judgment Decision at 63–64, n. 32. The applicable law requires that a trustee upon appointment merely has a two year extension to bring suit unless the statutory period under state law is longer and only if the cause of action is not time-barred at the time of appointment. *See Buchman,* 250 F.Supp. at 71.[8]

---

7. BCL § 720(b) states in relevant part:

   [A]n action may be brought for the relief provided in this section and in paragraph (a) of section 719 (Liability of directors in certain cases) by a corporation, or a receiver, trustee in bankruptcy, officer, director or judgment creditor thereof....

   Section 720 is derived from sections 60 and 61 of the former General Corporation Law ("GCL"). In *Clarkson Co. v. Shaheen,* 660 F.2d 506 (2d Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1614, 71 L.Ed.2d 850 (1982), the Second Circuit stated that a trustee in bankruptcy may sue for breaches of fiduciary duties contem-

plated by BCL § 717. *Shaheen,* 660 F.2d at 512, n. 5. However, we note that in *Shaheen's* discussion of when a director's duty to creditors arises, the Second Circuit quoted *New York Credit Men's Adjustment Bureau, Inc. v. Weiss,* 305 N.Y. 1, 7, 110 N.E.2d 397 (N.Y.Ct.App.1953) which was a case decided by the New York Court of Appeals in the context of GCL § 60, the predecessor statute to BCL § 720.

8. While we stated in a footnote to our Summary Judgment Decision that there was an apparent contradiction in the holdings of *Callaghan, supra,* and *Buchman, supra,* upon further analysis we believe the cases are consistent.

We now turn to the statute of limitations issues in this action. The action was commenced on December 22, 1982. The trustee was appointed on November 28, 1978. Therefore, plaintiff may not take advantage of a two year extension given trustees in bankruptcy since the action was commenced more than two years after his appointment. Accordingly, unless the BCL claims accrued after December 22, 1979, absent any toll, the BCL claims would be time-barred.[9]

■ Plaintiff, in papers relating to the summary judgment motion, contended that the trustee did not have knowledge of the facts regarding fraudulent claims of defendants until December of 1982 when his now deceased accountant received unidentified documents from the accounting firm of Peat Marwick Mitchell & Co.. *See* Plaintiff's Summary Judgment Brief at 70 (referring to a November 3, 1984 Affidavit of Dermott Noonan). We find that this unsubstantiated affidavit is insufficient to keep the claims from being barred by the statute of limitations.[10] Indeed, the assertions contained in it are even less creditworthy since plaintiff's state court lawsuit against these defendants was instituted in 1981—a year before the affiant avers the trustee had any knowledge of the claims. Therefore, we find that the second and seventh claims for relief brought pursuant to BCL §§ 717, 719, and 720 are barred by the statute of limitations.

■ The statute of limitations for plaintiff's state law fraud claim is six years from the commission of the wrong or two years from discovery. *See IIT, International Invest. Trust v. Cornfeld*, 619 F.2d 909, 928–29 (2d Cir.1980) (construing CPLR § 213(8) and § 203(f)).[11] Plaintiff has conceded that the second, sixth and seventh claims concern events that occurred prior to the February 10, 1977 agreements. Plaintiff's Summary Judgment Brief at 68–69.[12]

It is our view that the two year discovery period is inapplicable to the fraud claim

---

**9.** Indeed, we note that plaintiff contended in papers previously submitted to the court in relation to the Summary Judgment Decision that the second, sixth, and seventh claims did not accrue until at least February 10, 1977, but conceded that those claims concerned events which occurred "prior to February 10, 1977." *See* June 24, 1988 Plaintiff's Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment and Sanctions ("Plaintiff's Summary Judgment Brief") at 69–70.

**10.** Since Noonan is deceased and had been at time of trial, by Order dated November 30, 1989 we denied plaintiff's request to admit into evidence portions of Noonan's deposition in the state court action since defendants were unable to cross-examine him at that time. However, we did admit Noonan's charts and summaries absent any showing by defendants that those charts and summaries were inaccurate.

**11.** Federal law controls when a state limitations period accrues in cases where the state limitations period has been borrowed where "none has been provided in the federal statute." *See IIT*, 619 F.2d at 929; *cf. Moviecolor, Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 83 (2d Cir. 1961) (" [I]n an action to enforce a federally created right to recover for fraud, a federally established period of limitation does not begin to run until the fraud is discovered.... [however it] has long been established that when Congress created a federal right but did not prescribe a period for its enforcement, Federal courts will borrow the period of limitation prescribed by the state where the court sits."), *cert. denied*, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961). Since no federal statute is at issue here, state law controls when the limitations period begins to run.

**12.** Plaintiff has argued that the statute of limitations on those claims could not run until February 10, 1977 because "such causes of action do not begin to run until after damage or injury is inflicted." *See* Plaintiff's Summary Judgment Brief at 68–69. To the extent plaintiff's argument is grounded in the fact that a claim for civil conspiracy had been alleged, the reliance is misplaced. *See Afshar v. Procon Inc.*, 442 F.Supp. 887, 891 (S.D.N.Y.1977) (statute of limitations for civil conspiracy runs from commission of overt act causing damage), *aff'd*, 580 F.2d 1044 (2d Cir.1978).

In a decision dated February 3, 1986 we declined to dismiss the second, sixth and seventh claims on statute of limitations grounds under both a civil conspiracy and fraud construction of the claims. However, in our Summary Judgment Decision we subsequently held in dismissing defendants Marine Midland Bank and ICM Artists, Ltd. from the action that, *inter alia*, plaintiff had failed to present any facts indicating the existence of a civil conspiracy. Summary Judgment Decision at 51. Accordingly, we construed the sixth claim for relief solely as one for fraud. Summary Judgment Decision at 65–66.

because the unsubstantiated Noonan affidavit is neither sufficient nor credible to establish that plaintiff could not discover his fraud claim before 1982. Therefore, the six year statutory period accruing at the commission of the fraud is applicable.

According to the complaint itself the scheme to defraud Hurok creditors was begun on March 8, 1975, a time the complaint alleges "when Hurok was known to be insolvent," with the execution of a General Loan and Security Agreement between Hurok and Marine Midland Bank. Further, as part of the fraudulent scheme the complaint alleges, from this date through February 10, 1977, Goldman and Del Rossi "depleted and wasted the assets" of Hurok. Therefore, according to the allegations of the complaint, the commission of the alleged fraud and the start of the six year limitations period was in March of 1975. Since this action was commenced in December of 1982, the fraud claim is consequently time-barred.

### Conclusion

The motion by plaintiff trustee in bankruptcy Edmund Purves pursuant to Fed.R. Civ.P. 52(b) and 59(e) is denied. The motion for sanctions by defendants Maynard Goldman, Paul Del Rossi, and Goldman, Del Rossi & Co. pursuant to Fed.R.Civ.P. 11 is denied.

SO ORDERED.